**KENSINGTON VILLAGE, Inc. v. MENGEL CO. et al.**

United States District Court
S. D. New York.

Feb. 4, 1953.

Tachna, Pinkussohn & Bauman, New York City, for plaintiff and additional defendant.

Sawyer, Delaney, Shaw & Pomeroy, New York City, for defendant.

SUGARMAN, District Judge.

In companion actions, Kensington Village, Inc., and Kenville Homes, Inc., sue to recover damages arising from alleged breaches by The Mengel Co. of its contracts to furnish merchandise to the plaintiffs.

On July 3, 1950, plaintiffs served notices to examine defendant on oral examination. On February 25, 1952, defendant served notices to examine plaintiffs on oral examination. The parties stipulated on that date that the defendant's examination of plaintiffs would commence on the day following the completion of the taking, by plaintiffs, of defendant's deposition. On March 5, 1952, defendant served interrogatories to be answered by plaintiffs, although at that time, plaintiffs had not completed taking defendant's deposition, which had been adjourned to March 25, 1952.

Accordingly, to secure priority of completion of their examination of defendant, the plaintiffs moved on March 20, 1952 to vacate the defendant's interrogatories. An order was entered on that motion which denied plaintiffs' prayer that the interrogatories be vacated. However, it was ordered that the interrogatories need not be answered until the expiration of fifteen days from the taking of plaintiffs' depositions, if the defendant proceeded with such examination of plaintiffs pursuant to the

stipulation of February 25, 1952. The order further reserved to plaintiffs the right to apply for such protective order as might appear appropriate when defendant had completed its examination of the plaintiffs.

On March 30, 1952, the taking of defendant's deposition was completed and on July 11, 1952, the defendant's oral examination of plaintiffs was terminated.

Plaintiffs Kensington Village, Inc. (Motion No. 63) and Kenville Homes, Inc. (Motion No. 64), now move for an order vacating most of the interrogatories on the ground that they have been previously answered in their oral depositions. The movants' contention is that a requirement that they answer defendant's interrogatories would be a duplication of the answers already given by oral examination resulting in an undue hardship, annoyance and harassment.

In the Kensington Village action, the interrogatories are nine in number, subdivided to make a total of ninety-seven questions. In the Kenville Homes action, there are five interrogatories, subdivided into fifty-four questions.

■ In support of their motion, plaintiffs' attorneys, by memorandum, cite groups of pages of the depositions of plaintiffs wherein it is alleged responsive answers to each interrogatory are to be found. These references do not purport to show on what particular page the purported answer to any specific subdivision of an interrogatory may be found. Rather, by strings of page-numbers in the transcript of the examination, it is left to the Court to sift the answers and decide which might appropriately answer certain questions and which are not responsive. This is not the function of the Court on a motion of this kind.[1]

■ Further, it has been called to the Court's attention that defendant offered to withdraw its interrogatories now under attack[2] if plaintiffs would stipulate that the answers given by plaintiffs on oral examination were as full, complete and specific as plaintiff could furnish in answer to the interrogatories, if the interrogatories were separately and independently answered by plaintiffs. This stipulation plaintiffs refused to make, and now will merely concede that the answers to defendant's questions on oral examination were full and complete to the best of the witnesses' knowledge at the time. Implicit in this is an admission that the answers to at least some of the questions would be fuller and more complete if answered now.

Interrogatories are an appropriate, inexpensive method of pursuing lines of inquiry that may come to light after depositions have been taken.[3] The instant case is one wherein the proponent of the interrogatories should not be precluded from rounding out its pre-trial examination of the plaintiffs by obtaining complete and responsive answers to its interrogatories.

Movants having failed to sustain their burden of showing persuasively that the interrogatories should not be answered, their respective motions are denied.

Settle order.

1. 4 Moore's Fed.Prac., 2d Ed., p. 2336.
2. Except 8 subdivisions of the Second Interrogatory.
3. 4 Moore's Fed.Prac., 2d Ed., p. 2288.