Frederick J. SCHOTTHOFER, Plaintiff-Counterdefendant.

v.

HAGSTROM CONSTRUCTION COMPANY, Defendant-Counterplaintiff.

Civ. A. No. P-1601.

United States District Court
S. D. Illinois, N. D.

Nov. 10, 1958.

Cassidy & Cassidy, Peoria, Ill., for plaintiff.

Morgan, Pendarvis & Morgan, Peoria, Ill., for defendant.

MERCER, Chief Judge.

This cause is now before the Court upon objections filed by plaintiff, Schotthofer, to written interrogatories propounded to him by defendant, Hagstrom.

Plaintiff objects to all of the interrogatories, 71 in number, upon the ground, inter alia, that they substantially duplicate matters into which defendant inquired upon a previous examination of plaintiff by deposition. Thus plaintiff alleges that he submitted to the taking of his deposition by defendant on March 8, 1958; that the subject matter of these written interrogatories is substantially the same matter which was covered in said deposition examination; and that, therefore, the interrogatories operate to the annoyance of, and unnecessary expense to plaintiff contrary to the provisions of Rule 30(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

That objection must be overruled for the reasons hereinafter stated.

The Federal Rules of Civil Procedure establish liberal discovery procedures, providing, inter alia, for the use of depositions and of written interrogatories propounded to an adverse party. Rules 26, 33. 28 U.S.C.A. In order to protect a party from unreasonable annoyance, embarrassment and oppression arising out of the use of these discovery devices, Rule 30(b) clothes the Court with a broad discretionary power to control the scope of their use.

Although Rule 33 expressly provides that the deposition procedure and procedure upon written interrogatories may be successively employed in a proper case to require an adverse party

to disgorge all relevant facts within his knowledge, the device of using the two procedures successively should be carefully scrutinized by the Court. Such use of the two procedures may too easily become an instrument for oppression. When, as in this case, a party has submitted to the taking of his deposition at the request of his opponent and thereafter he is served with written interrogatories by the same opponent, to the extent that the interrogatories make inquiry into the same particulars covered in the prior deposition the use of interrogatories is an abuse of the discovery procedure and is oppressive within the meaning of Rule 30(b). Cf., Frankson v. Carter & Weeks Stevedoring Co., D.C. E.D.N.Y.1949, 9 F.R.D. 713.

■ Furthermore, while written interrogatories may, under the literal language of Rule 33 be co-extensive with interrogatories by deposition under Rule 26, one practical distinction between the two devices should be observed. Written interrogatories are most valuable as a device to compel admissions and the disclosure of major factual matters not concerned with details; the deposition is the device best suited to compel disclosure of detailed information. See Onofrio v. American Beauty Macaroni Co., D.C.N.D.Mo.1951, 11 F.R.D. 181, 184. Voluminous interrogatories requiring written answers involving minute factual details may be unreasonable and impose an undue burden upon the party to whom they are addressed. Ibid. The weight of the tendency to burden and oppress is enhanced where the interrogatory procedure follows use of the deposition procedure under Rule 26.

■ Plaintiff's objection in this case is not sufficiently particularized to advise the Court to what extent the interrogatories propounded to him are a duplication of matters previously covered in the taking of his deposition. The fact of the deposition proceeding alone does not justify a blanket objection to all written interrogatories. And while I believe that the voluminous interrogatories here propounded are unnecessarily detailed in their content, the peculiar facts of the case do not permit the objection to be sustained on that basis. The complaint states a claim based upon a large number of separate but related demands, and some detail in posing interrogatories is probably inevitable under the circumstances.

For the above reasons the objection should be overruled.

■ Plaintiff objects to all of the interrogatories upon the further grounds that they elicit conclusions of plaintiff, not answers as to material facts; that they are contentious and argumentative and, as phrased, call for opinions and argument by plaintiff, not for disclosure of material facts; and that they amount to a cross-examination of him upon much immaterial matter.

These objections are well taken in part. The following numbered interrogatories, or parts thereof as indicated, are subject to objection upon one or more of the grounds assigned and objection is sustained as to each of them as follows: Number 10; all of Number 12 which follows the word "plates" in the second line thereof; Number 19; Number 20; Number 22; Number 23; all of Number 24, which follows the word "plans" at the beginning of the fourth line thereof; all of Number 27 which follows the word "complaint" in the fourth line thereof; all of Number 29 which follows the word "work" in the fourth line thereof; Number 31; Number 37; all of Number 38 which follows the word "complaint" in the third line thereof; Number 53; Number 56; all of Number 58 which follows the word "specifications" in the fourth line thereof; Number 60; Number 68; the second sentence of Number 69; and Number 70.

Plaintiff shall prepare and serve answers to the remainder of said written interrogatories in the manner prescribed by Rule 33 on or before the 15th day of December, 1958.