Crystal Laverne TAYLOR, Plaintiff,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Defendant.

Civ. A. No. 13192-4.

United States District Court
W. D. Missouri, W. D.

Dec. 26, 1962.

Moody & Ridpath, by J. Whitfield Moody, Kansas City, Mo., for plaintiff.

Gordon, Parker, Headley & Stevens, by Joseph E. Stevens, Jr., Kansas City, Mo., for defendant.

BECKER, District Judge.

This cause was removed from the Circuit Court of Jackson County, Missouri, because of diversity of citizenship.

REQUEST FOR ORAL ARGUMENT

Pursuant to Rule 10(a) of the Rules of this Court, plaintiff has requested oral argument upon her objections to defendant's interrogatories. Upon full review of the files in this cause, and in consideration of the nature of the interrogatories and the objections thereto, the Court finds no sufficient reason to hear oral argument upon the matter.

## OBJECTIONS TO INTERROGATORIES

Plaintiff objects to defendant's interrogatory No. 2,

"Did anyone on your behalf obtain the names of any witnesses at the time and place of the occurrence described in plaintiff's petition, or has anyone on your behalf obtained the names of any witnesses since that time? If so, state the names and addresses of witnesses,"

on the ground that said interrogatory calls for the work product of plaintiff's attorneys.

█ Rule 26(b) of the Federal Rules of Civil Procedure, which defines the area of permissible inquiry under Rule 33, expressly provides that discovery may be had concerning "the identity and location of persons having knowledge of relevant facts." The specific objection to interrogatory No. 2 will therefore be overruled, and the plaintiff will be required to give the information delineated by Rule 26(b) even though the wording of defendant's interrogatory is not in the form provided by Rule 26(b). In other words the plaintiff shall furnish in response to the interrogatory the identity and location of persons having knowledge of relevant facts including plaintiff's counsel and others investigating the occurrence in question on behalf of the plaintiff.

Plaintiff objects to defendant's interrogatory No. 3,

"Have you ever been convicted of a criminal offense? If so, for each conviction, state: (a) the offense for which you were convicted; (b) the name and address of the court in which convicted; (c) the date thereof; (d) what sentence and/or fine was imposed,"

on the ground that such a question on cross examination would be objectionable and inadmissible and further that said interrogatory would not lead to the discovery of other admissible evidence.

█ The interrogatory seeks information to be used on cross examination to impeach the credibility of the plaintiff, if the information is unfavorable to the plaintiff and if she testifies. This issue is controlled by the law of Missouri which holds that conviction may be proved to affect credibility of a witness. See 491.050 1959 RSMo, V.A.M.S. Therefore plaintiff's objection to interrogatory No. 3 will be overruled.

Plaintiff objects to interrogatories No. 1, 4, 5 and 6, and further objects to interrogatory No. 2, on the ground that each of the questions contained therein was asked of the plaintiff by defendant's counsel during plaintiff's deposition taken by the defendant and was truthfully and fully answered by plaintiff to the best of her knowledge at that time.

█ The various methods of discovery set out in Rules 26 through 36 of the Federal Rules of Civil Procedure were intended to be cumulative, rather than alternative or exclusive. The 1948 amendment to Rule 33 added the provision that "Interrogatories may be served after a deposition has been taken * *, but the court, on motion of the deponent * * *, may make such protective order as justice may require." The burden is now on the party objecting to discovery to show hardship or injustice. B. & S. Drilling Co. v. Halliburton Oil Well Cementing Co. (D.C.Tex.), 24 F.R.D. 1. Such hardship is not easily shown, and usually the courts have permitted interrogatories though an oral deposition has been taken. 2A Barron and Holtzoff, Federal Practice and Procedure § 772, at pp. 361–62; 4 Moore, Federal Practice ¶33.09, pp. 2287–88. No hardship of the type required has been shown. Therefore this objection will also be overruled.

## MOTION FOR PRODUCTION OF DOCUMENTS BY THE PLAINTIFF

This cause is also before the Court upon the defendant's motion for production of documents under Rule 34 of the Federal Rules of Civil Procedure. Specifically the defendant requests the production of certified copies of plaintiff's federal income tax returns for the years 1958, 1959, 1960 and 1961.

Defendant's motion is neither verified nor supported by affidavits. Until Rule 34 is amended to eliminate the showing of good cause, as recommended by the advisory committee in 1955 (see note to Missouri Civil Rule 58, V.A. M.R.), the requirements must be met. Good form requires verification of the motion or supporting affidavits showing factual support for the claim of "good cause" in some cases, if not all. 2A Barron and Holtzoff, Federal Practice and Procedure § 796, pp. 426–28, n. 70; 4 Moore, Federal Practice ¶34.07, p. 2442, n. 6.

Here the showing of good cause must rest upon the unverified assertion of relevancy, the issues made by the pleadings and the nature of the information sought.

The decisions permit, in the Court's discretion, discovery on unverified motions for good cause, where relevance appears from the pleadings, if good cause appears from the record. Rekeweg v. Federal Mutual Ins. Co. (N.D. Ind.), 27 F.R.D. 431, 4 F.R.Serv.2d 34.13, case 8.

In this cause plaintiff claims loss of wages and earnings, past and future. Earnings and wages for a reasonable time before and after plaintiff's alleged injury would therefore be admissible evidence or information calculated to lead to admissible evidence. Such portions of plaintiff's income tax returns as relate to wages and earnings and which cover a reasonable period before and after the alleged injury are therefore relevant. The information sought is of a type normally unobtainable by the defendant from other sources and presumably is within the exclusive knowledge of the plaintiff.

Good cause appears without special factual proof where the information is relevant under the pleadings, is normally unobtainable by other means and in its nature is within the exclusive knowledge of the opposite party. Zenith Radio Corp. v. Radio Corp. of America (D.Del.) 121 F.Supp. 792; 2A Barron and Holtzoff, Federal Practice and Procedure § 796, p. 424, n. 69.1 and p. 425, n. 69.4. An attorney's verification could not add anything substantial to the record in a case of this nature. Therefore good cause will be found from the record herein.

The federal income tax returns are discoverable, at least in part. Bush v. Chicago B. & Q. R. Co. (D.Neb.), 22 F.R.D. 188; Karlsson v. Wolfson (D. Minn.), 18 F.R.D. 474; 74 Harv.L.Rev. 940, 1. c. 1010–1012. Discovery will be permitted of those parts of the returns relating to wages and earnings. The remainder of the returns will not be required to be disclosed.

It is therefore

Ordered that plaintiff's request for oral argument on plaintiff's objections to defendant's interrogatories be, and the same is hereby, denied, and further

Ordered that plaintiff's objections to defendant's interrogatories be, and the same are hereby, overruled, and further

Ordered that all of the federal income tax returns filed by the plaintiff for the years 1958, 1959, 1960 and 1961, or at the plaintiff's option, those portions of said returns relating to wages and earnings, be produced by the plaintiff, at the expense of the defendant, and that the defendant be permitted to inspect and copy, photograph or otherwise reproduce the same.