Robert B. ANDERSON, as Widower and Executor of the Estate of Marjorie M. Anderson, deceased, and as Father and Administrator of the Estates of Nancy Lee Anderson, and Robert B. Anderson, Jr., deceased, and Betty Hanger, as Widow of Roger A. Hanger, deceased, William A. Hanger, Winston H. Prince, Jr., and Thomas C. Randolph, as Executors of the Estate of Roger A. Hanger, deceased, Plaintiffs,

v.

UNITED AIR LINES, INC., and Vickers Aircraft Holdings Limited, Defendants.

No. 65 Civ. 2291.

United States District Court,
S. D. New York.

Nov. 17, 1969.

Kreindler & Kreindler, New York City, for plaintiffs.

Haight, Gardner, Poor & Havens, New York City, for defendant United Air Lines.

Mendes & Mount, New York City, for defendant Vickers Aircraft Holdings, Ltd.

## MEMORANDUM

TENNEY, District Judge.

Plaintiffs commenced an action in the New York State Supreme Court, New York County, seeking damages for the wrongful death of their decedents occasioned by the crash in July of 1964 of a United Air Lines flight in Tennessee. The action was removed to this court on July 27, 1965 by petition of defendants. On May 16 of this year, plaintiffs served defendants with interrogatories and requests for admissions pursuant to Fed. R.Civ.P. 33 and 36, respectively.

Defendants object to most of these interrogatories and move herein pursuant to Fed.R.Civ.P. 30(b) and 33 for a protective order vacating those interrogatories they deem objectionable. Defendants also raise objections to certain requests for admissions served upon them by plaintiffs.

Defendants' objections to plaintiffs' interrogatories are overruled except that objections to interrogatories numbered 63 through 65 are sustained and, accordingly, those interrogatories need not be answered.

Defendants claim that interrogatories 5($l$) and (m) seek to elicit information previously furnished in their responses to plaintiffs' requests to admit. Defendants have not indicated just where this information is to be found, and a careful review of such responses in fact negates this claim.

Interrogatories 7 and 8 seek information relative to the exact location of the accident. Defendants object,

urging that only the deceased crew of the airplane could provide such answers. Additionally, defendants urge that some of the information sought has previously been supplied in the depositions of two United Air Lines captains. The empty allegation that only the deceased crew of the subject aircraft could furnish the information sought is too frivolous to require discussion. Further, no proof has been offered that any of the information sought has been supplied in previous depositions. It will be noted here that interrogatories 9 through 13, 19(c) and (d), 30 through 32, 39 through 42, 48 through 62, 77 through 86, and 91 through 108 are objected to in part because defendants contend that the information sought has already been furnished either in their answers to the requests for admissions or by oral deposition. This aspect of the objections to the above-numbered interrogatories will be treated simultaneously with the corresponding objections to interrogatories 7 and 8. I find no persuasive authority sustaining objections to interrogatories based upon persistent but unsupported allegations that the information sought has previously been supplied by deposition or by responses to requests to admit. Defendants have not furnished the Court with copies of the depositions allegedly containing the information requested and, in addition, have failed to indicate which answers to the requests for admissions contain the desired information. On a motion to vacate interrogatories on the ground that they have previously been answered by way of deposition or responses to requests to admit, it is not the Court's function to sift the depositions or responses to determine whether the interrogatories are sufficiently answered therein; rather, the movant is obliged to indicate exactly where in the depositions or responses the answers to the interrogatories may be found. See Kensington Village, Inc. v. Mengel Co., 14 F.R.D. 187, 188 (S.D.N.Y.1953). In addition, movants have failed to make the necessary showing that furnishing the allegedly duplicative information will be burdensome. Stonybrook Tenants Ass'n, Inc. v. Alpert, 29 F.R.D. 165, 167 (D. Conn.1961); 2A Barron & Holtzoff, Federal Practice and Procedure, Rules Ed., § 772 at 361 n. 22.3 (Wright ed. 1961). From the foregoing, I think it obvious that movants have failed to meet the burden of proving the validity of these objections. United States v. Nysco Laboratories, Inc., 26 F.R.D. 159, 161 (E.D.N.Y.1960); 2A Barron & Holtzoff, *supra* § 775 at 375; 4 J. Moore, Federal Practice ¶ 33.27 at 2414–415 (2d ed. 1968).

 Defendants object to interrogatories 12 and 13, and 19(c) and (d), because the information sought is a matter of public record. Additionally, they object to 12 and 13 because they have agreed to stipulate to the accuracy of the public record. It is well established in this district that interrogatories are not objectionable merely because they seek information which is a matter of public record. Blau v. Lamb, 20 F.R.D. 411, 415 (S.D.N.Y.1957); Riordan v. Ferguson, 2 F.R.D. 349, 350 (S.D.N.Y. 1942). Furthermore, research discloses no persuasive authority, and defendants offer none, for sustaining an objection because of an alleged agreement to stipulate as to the accuracy of matter similar to that sought in an interrogatory.

 Interrogatory 14 is perfectly proper as it calls for the identity of witnesses to the accident. 2A Barron & Holtzoff, *supra* § 766 at 305.

 Defendants have also objected to interrogatories 50 through 62 and 107 and 108 because they allegedly call for opinions, conclusions, and/or ultimate facts. The objections are without merit as the interrogatories request, *inter alia,* factual information regarding the activation, malfunctioning or damaged state of the fire warning or extinguishing

system, the identity and location of certain emergency equipment, the settings of certain controls, the portions of the aircraft which exhibited evidence of electrical arcing and/or exposure to fire, the source of certain sooting and whether it was an aliphatic hydrocarbon, and the chemical composition of the source of the sooting. Moreover, recent cases have held that interrogatories are not objectionable merely because they seek to elicit opinions or conclusions. Meese v. Eaton Mfg. Co., 35 F.R.D. 162, 165 (N.D.Ohio 1964); United Air Lines, Inc. v. United States, 26 F.R.D. 213, 217 (D.Del.1960); see Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc., 21 F.R.D. 347 (S.D.N.Y.1958).

■ Although plaintiffs' complaint basically alleges negligent use, operation and control of the subject airplane, I do not find interrogatories 79 through 86, pertaining to the construction and manufacture of the airplane, irrelevant despite defendants' argument to the contrary.

■ Interrogatories 63 through 65 are properly objected to as it is improper to request the identity of witnesses to be called at trial. Fidelis Fisheries, Ltd. v. Thorden, 12 F.R.D. 179 (S.D.N.Y.1952); 2A Barron & Holtzoff, *supra* § 766 at 305; see United States v. Renault Inc., 27 F.R.D. 23, 29 (S.D.N.Y. 1969). Interrogatories 66 through 76, seeking to elicit what defendants' contentions will be at the time of trial, are not objectionable as responses to these questions will help narrow the issues to be tried. 4 J. Moore, supra ¶ 33.17 at 2355; see Meese v. Eaton Mfg. Co., *supra*, 35 F.R.D. at 165.

■ Request to admit 15 seeks an admission as to whether a certain transmission from the subject aircraft was the last one known to have been sent. Defendants object, contending that this calls for an opinion of a third party as to the correctness of a tape and for an admission of an ultimate fact. Defend-

ants further argue that this request is premature since counsel for all parties are scheduled to listen to the tape and stipulate to its accuracy. Allegations that there is a future agreement to stipulate and that a request seeks the admission of an ultimate fact, when unsupported by affirmative proof, are not grounds for sustaining objections to a request to admit. Additionally, such request calls for an admission of fact which will assist the trial court in narrowing the proof. Accordingly, defendants must respond to this request.

■ Request 48 seeks an admission that "the forward compartment $CO_2$ extinguisher had been fired electrically prior to impact". It is undisputed that there were more than one of these extinguishers in the forward compartment. Defendants need not respond to this request, because to do so would require unwarranted explanation on their part. Johnstone v. Cronlund, 25 F.R.D. 42, 45 (E.D.Pa.1960).

■ Requests 54 and 55, respectively, seek admissions that the source of certain sooting was an aliphatic hydrocarbon, and that the aircraft fuel and hydraulic fluid were aliphatic hydrocarbons. The objections that these requests call for opinions and conclusions of experts are without merit. The source of sooting, determinable by appropriate chemical analysis, is a matter of fact and not opinion. It is equally clear that the composition of the aircraft's fuel and hydraulic fluid is also a matter of fact. Even if there were doubt as to whether these requests called for fact or opinion, defendants would nevertheless be required to respond. Photon, Inc. v. Harris Intertype, Inc., 28 F.R.D. 327, 328 (D. Mass.1961). Defendants further object to requests 54 and 55, urging that any admission by them would shift the burden of proof to them to explain the existence and effect of the sooting. Relevant authority appears to the contrary.

See Jones v. Boyd Truck Lines, Inc., 11 F.R.D. 67, 69 (W.D.Mo.1951); Dulansky v. Iowa-Illinois Gas & Elec. Co., 92 F.Supp. 118, 124 (S.D.Iowa 1950).

 Requests 61 through 64 seek admissions as to certain observations made by a United Air Lines captain while flying near the site of the accident, and the effect some of these observations would have had if made by the crew of the subject aircraft. Essentially, defendants argue that it would be improper to compel them to admit the truth of testimony a witness would give if called to testify at trial. It has been established that responses under Fed.R.Civ.P. 36 must be made based upon evidence within the parties' knowledge or capable of ascertainment by reasonable inquiry from third persons. Jones v. Boyd Truck Lines Inc., *supra*, 11 F.R.D. at 70; Dulansky v. Iowa-Illinois Gas & Elec. Co., *supra*, 92 F.Supp. at 123; 4 J. Moore, *supra* ¶ 36.04 at 2731–32. Since the admissions sought relate to information within the knowledge of a United Air Lines captain, it is reasonably ascertainable by defendants herein.

 A proper objection is raised to request 68. Because a myriad of changing circumstances attendant upon flight operations may prevent adherence to a policy of flying over prescribed air routes, defendants need not admit whether this was United's policy.

 Defendants must respond to request 69. An admission or denial that United is required to maintain two-way radio contact with the Federal Aviation Agency under certain conditions does not require the interpretation of a statute.

 Request 70 seeks an admission relating to a portion of the planned route of the aircraft. Defendants object, contending that it is impossible to give an appropriate response to this request because the plan in question covers the aircraft's entire route, and air traffic controllers frequently order changes in an aircraft's altitude. Defendants' objections suggest a misreading of the request. The request seeks an admission only as to the planned route for that portion of the flight stated in the request. It is not suggested that this was the entire route, and certainly the request does not imply that deviations from this plan were impermissible.

 The objections to requests 74 through 76 are sustained, as these requests call for legal conclusions or interpretations rather than admissions of fact. Lantz v. New York Central R. R. Co., 37 F.R.D. 69 (N.D.Ohio 1963); 4 J. Moore, *supra* ¶ 36.04 at 2723.

 No new objection is offered to request 77, and as it calls for the admission of a relevant fact defendants must respond thereto.

 Request 80 asks defendants to admit that "The energy inverter was not rotating on impact". This is objected to as calling for opinions or conclusions of experts. This objection is without merit; since most facts involve supporting conclusions, a request is not objectionable merely because it embodies a conclusory element. Jones v. Boyd Truck Lines Inc., *supra*, 11 F.R.D. at 69–70; 4 J. Moore, *supra*, ¶ 36.04 at 2725–26. Hence, defendants must respond to this request.

 Requests 84 and 85, inquiring into suitable emergency landing sites, clearly call for speculative opinions and, accordingly, need not be answered as they are not the proper subject of requests to admit.

Accordingly, defendants will respond to such interrogatories and requests for admissions as indicated by the rulings herein.

So ordered.