**Russell A. KRANTZ**
and
**Jean P. Krantz, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 71–C–57–L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

Oct. 20, 1972.

Lapsley W. Hamblen, Jr., Caskie, Frost, Davidson, Hobbs & Hamblen, Lynchburg, Va., for plaintiffs.

James G. Welsh, Asst. U. S. Atty., Roanoke, Va., and Helen E. Marmoll, Atty., Tax Div., Dept. of Justice, Washington, D. C., for the United States.

## OPINION and JUDGMENT

DALTON, District Judge.

The plaintiffs have filed a suit against the defendant for a tax refund. The present controversy concerns the number and extent of interrogatories and requests for admissions submitted by the defendant to the plaintiff. The government submitted to plaintiffs 135 pages of interrogatories and requests for the production of documents which contained 345 questions. Many of the 345 questions contained sub-questions so that the total number of questions posed is over 1100. The government attorneys have also submitted 343 additional questions in their requests for admissions. Thus, the plaintiffs have been asked to reply to almost 1500 questions.

The plaintiffs have moved for a protective order and for an order pursuant to Rule 34 to require the defendant to produce certain information. The defendant refuses to produce this information until the plaintiff responds to its questions.

Before ruling upon the issues, a brief history of the controversy between these two parties seems appropriate.

The Internal Revenue Service upon an investigation of the plaintiffs' tax returns for the years 1958–1963 inclusive determined that there was a deficiency. Upon further investigation it appeared to the government that these deficiencies were the result of wilful fraud. According to statements contained in the pleadings and motion of the parties, the investigation took about a year to conduct.

Because the plaintiffs' records of their drug store business were very inadequate, the government had to reconstruct their income using the bank deposits and net worth methods. During this time plaintiffs hired an accountant to aid and assist the government and their attorney in analyzing their business records. Upon completion of this investigation the plaintiffs as stated above were taken before a Grand Jury in April, 1967, but a no true bill was returned.

The government thereupon assessed taxes, interest, and penalties against the plaintiffs covering the period 1958–1963 in the amount of $45,300, which amount the plaintiffs paid. Plaintiffs filed claims for refund for each of the years involved, totalling $30,000. These claims were denied by the government, after which this suit was commenced.

The interrogatories and requests for admissions arise out of this refund suit. The plaintiffs in their motion for a protective order assert that all questions relate to their personal and business records, that they previously, in connection with the government's criminal efforts, furnished the government with all these records and their accountant's work papers, that the government already has possession of and access to this information, and that to require the plaintiffs to answer the defendant's questions would subject the plaintiffs to annoy-

ance, oppression, harassment, and undue burden and expense.

The government opposes the motion for a protective order on several grounds. First it contends that the plaintiffs waived their right to this order by delay. The second contention is that without answers to these questions, the trial of the case will be greatly extended. Finally the government asserts that an investigation prior to litigation does not preclude discovery.

The plaintiffs have filed an affidavit by their accountant to the effect that all the information requested by defendant's discovery has already been provided to the government in connection with the criminal suit, and that a good number of the questions asked could only have been asked by one who already knew about and possessed this information. The government does not dispute or contest this affidavit.

 It is generally held that one cannot wait an unreasonable amount of time before objecting to discovery methods, even if the court grants additional time to answer, except for good cause. *E. g.,* Lunn v. United Aircraft Corp., 25 F.R.D. 186 (D.Del.1960); Cardox Corp. v. Olin Mathieson Chemical Corp., 23 F.R.D. 27 (N.D.Ill.1959). In this case there appears to be sufficient excuse for the delay. In the accountant's affidavit he stated that he was promptly notified of the interrogatories but informed plaintiffs' attorney that because of excessive work and health problems, he would be unable to help answer them until approximately June 20, 1972. It appears that on or near this date these questions were reviewed by the accountant, and he advised the plaintiffs' attorney that the government already had this information. The motion for a protective order was filed June 30, 1972. The court feels in light of these facts, there has been no waiver or undue delay.

 The real question before the court is whether these interrogatories and requests are truly oppressive and unduly burdensome. Generally the fact that interrogatories are burdensome is alone not sufficient to excuse a party from answering them, nor will mere numbers excuse a party. Klausen v. Sidney Printing and Publishing Co., 271 F.Supp. 783 (D.Kan.1967); Rogers v. Tri-State Materials Corp., 51 F.R.D. 234 (N.D.W.Va.1970); Kainz v. Anheuser-Busch Inc., 15 F.R.D. 242 (N.D.Ill. 1954). The question is not the number of interrogatories or the fact that the interrogating party is using successive methods of discovery, or even that the interrogating party already possesses the information, but whether or not the demands are unduly burdensome or oppressive when viewed with relation to the case itself; are the interrogatories unreasonable under the facts and circumstances of the particular case? Stoneybrook Tenants Ass'n, Inc. v. Alpert, 29 F.R.D. 165 (D.Conn.1961); Hoffman v. Wilson Line, Inc., 7 F.R.D. 73 (E.D.Pa. 1946).

 It is also true that interrogatories cannot be used to compel the interrogated party to prepare his adversary's case. Kainz v. Anheuser-Busch, Inc., 15 F.R.D. 242 (N.D.Ill.1954). In two cases courts have refused to allow interrogatories where the interrogating party was in effect requiring the interrogated party to create and substantiate the interrogating party's case. *See* Cinema Amusements, Inc. v. Loew's Inc., 7 F.R.D. 318 (D.Del. 1947); Porter v. Central Chevrolet, Inc., 7 F.R.D. 86 (N.D.Ohio 1946).

In the Loew's case the court stated.

Interrogatories . . . cannot be construed so as to displace entirely the right or necessity of a party to obtain information and compile data at its own expense by discovery process. . . .

If the matter inquired of be only found in records or documents and is only available at very considerable effort or expense and the books or documents be equally available to both parties, no reason would seem to exist to

cast the burden of effort or expense upon the interrogated party. Cinema Amusements, Inc. v. Loew's, Inc., 7 F.R.D. 318, 321 (D.Del.1947) *accord,* Tivoli Realty, Inc. v. Paramount Pictures, Inc., 10 F.R.D. 201 (D.Del.1950).

One case has allowed burdensome and oppressive interrogatories on the theory that the objecting party would have to compile the same information to present its own case, and the interrogatories merely advanced the compilation to an earlier time. Adelman v. Nordberg Mfg. Co., 6 F.R.D. 383 (E.D.Wis.1947).

■ It appears however that voluminous interrogatories which require statements and admissions concerning the minutest details may be unreasonable and burdensome, particularly where the interrogating party can obtain this information itself or, as in the present case, already possesses the requested information because of prior investigation. *See* Loft, Inc. v. Corn Products Refining Co., 103 F.2d 1 (7th Cir. 1939), cert. denied, 308 U.S. 558, 60 S.Ct. 80, 84 L.Ed. 469 (1939). Under the federal rules interrogatories should be relatively few and limited to important facts rather than numerous and concerned with minor evidentiary details. Schotthofer v. Hagstrom Constr. Co., 23 F.R.D. 666 (S.D.Ill. 1958); Hartford-Empire Co. v. Glenshaw Glass Co., Inc., 4 F.R.D. 210 (W.D. Pa.1945).

■ Upon an examination of the facts in this case the court feels that the approximately 1500 questions propounded to the plaintiffs are unreasonable, harsh, oppressive and unnecessary in light of the fact that the government already has the information which it seeks. It appears that the government's main reason for desiring these interrogatories is to obtain admissions from the plaintiffs. While the court has no objection with this purpose, it seems that the extensive nature of the questions will not resolve as much as the government contends. Because of the inadequate nature of these taxpayers' records, they and the government are at odds over the amount of taxpayers' income for these six years. The plaintiffs will simply submit their method of income computation; however, the government is not bound by these answers and undoubtedly will object to the amounts derived. Nevertheless the government does have a right to know exactly what the taxpayers' contend their income to be and to have some idea how it is derived.

The court believes that the extreme detail presented by these interrogatories and requests for admissions is senseless and would be a needless expense and burden upon the taxpayers when the government possesses the precise information they are asking the taxpayers to answer. Counsel for the plaintiffs has on several occasions stated that these matters could easily be resolved by one or two meetings, yet, the government refuses to discuss any narrowing of the issues until all questions are answered.

In light of the foregoing this court will grant plaintiffs' motion for a protective order; but, the government will be allowed either to submit a reasonable number of new interrogatories or to pick a reasonable number from the original 1500 questions given to plaintiffs.

Although the plaintiffs have made specific objections to a few of the government's questions, the court will not at this time rule on these objections. Plaintiffs will be allowed to object to specific questions when and if the government decides to resubmit a set of interrogatories and request for admissions.

The court also grants plaintiffs' request that the government produce certain documents. The documents desired have been fully enumerated by plaintiffs' counsel in papers filed on September 14, 1972. The government is ordered to produce these documents.