**William RICHLIN and Carole Daniels, Plaintiffs,**

**v.**

**SIGMA DESIGN WEST, LTD. et al., Defendants.**

**No. CIV.S–79–938 RAR.**

United States District Court,
E. D. California.

Dec. 11, 1980.

**635**

Brewster Q. Morgan, Sacramento, Cal., for plaintiffs.

David A. Riegels, Sacramento, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

RAMIREZ, District Judge.

The defendants, SIGMA DESIGN WEST, LTD., WILLIAM C. BOLLINGER, PATRICIA A. BOLLINGER, and ALFRED D. HART, appeal, pursuant to Rule 301 of the Local Rules for the Eastern District of California, the August 27, 1980 Order of the United States Magistrate denying their motion to compel answers to interrogatories. Brewster Q. Morgan, Esq. appears as counsel for the plaintiffs, WILLIAM RICHLIN and CAROLE DANIELS, and David A. Rie-gels, Esq. appears as counsel for the defendants, SIGMA DESIGN WEST, LTD., et al.

Upon reviewing the pleadings of the parties and the memoranda of points and authorities submitted in support of and in opposition to the appeal of the Magistrate's ruling, the Court now renders the following decision:

### FACTS

The plaintiffs, WILLIAM RICHLIN and CAROLE DANIELS, were at all times pertinent hereto marketing representatives for the defendant SIGMA DESIGN WEST, LTD. (hereinafter "SIGMA"). On November 5, 1979, plaintiffs filed a complaint in Sacramento Superior Court alleging breach of oral and written contracts. Specifically, the plaintiffs alleged that SIGMA refused or otherwise failed to pay certain sales commissions due and owing to the plaintiffs with respect to the sale of SIGMA computer time, SIGMA computer hardware and use of SIGMA computer hardware and software. Additionally, plaintiff DANIELS alleged that the defendants were indebted to her for the purchase price of one thousand shares of SIGMA stock for which DANIELS allegedly paid but never received.

The defendants removed the case to federal court on the basis of complete diversity of citizenship. 28 U.S.C. § 1332. Subsequently, the defendants answered the complaint and filed a counter-claim against plaintiff RICHLIN only. RICHLIN thereafter answered the counter-claim and the matter is now at issue.

### POSTURE OF THE CASE

The plaintiffs, and each of them, were deposed by the defendants' counsel during three consecutive days in December of 1979. The transcripts of the depositions exceed three hundred pages in length. In addition, and at the defendants' noticed request, the plaintiffs produced substantial numbers of pertinent business records and documents, hundreds of which were copied by counsel for the defendants.

In February of 1980, the defendants served upon the plaintiffs their first set of interrogatories. Although the questions propounded were only thirty two in number, since every other interrogatory contained two distinct subparts, and each of the subparts contained three separate inquiries, the actual number of interrogatories was well in excess of thirty two. The odd numbered interrogatories requested that the plaintiffs set forth "each fact and circumstance" upon which they based certain allegations contained in selected paragraphs of the complaint. The even numbered interrogatories requested that the plaintiffs state the name, address, and telephone number of each person with knowledge of the preceding fact or circumstance and each person in custody of any item such as correspondence, documents, notes, tapes, writings, etc., which would evidence the same. Further, the defendants requested that the plaintiffs identify all such evidentiary items with the particularity required to sustain a motion to produce.

In March of 1980, the plaintiffs filed the following standardized objection which was repeated as to each and every interrogatory propounded by the defendants:

> The information is duplicative of material already discovered through extensive depositions and production of documents. It seeks information that is presently available to Defendants and in possession of Defendants, and it is unreasonable, burdensome, oppressive and vexatious, and answering this interrogatory would cause further expense and oppression to the objecting party without serving any purpose relevant to the action.
>
> On the three days of December 18, 19, and 20, 1979, Plaintiffs were thoroughly orally deposed by Defendants' counsel. The depositions of Plaintiffs were transcribed and the transcriptions are of approximately three hundred (300) pages in length. Additionally, at Defendants' request, Plaintiffs supplied and produced extensive records and documents, and Defendants' counsel caused hundreds of these records and documents to be copied. Additionally, Plaintiffs were examined upon their documents and records and it is accordingly, outrageously oppressive for Defendants to attempt to harass Plaintiffs and cause them further expense by requesting Plaintiffs to answer this interrogatory, the information for which is apparently in Defendants' possession.

In April of 1980, the defendants filed a motion to compel answers to interrogatories and the plaintiffs filed an opposition thereto. Thereafter, plaintiffs supplemented their opposition to the motion with a synopsis of the deposition testimony as it pertained to each and every interrogatory propounded, replete with the specific page numbers and lines of the transcripts on which the requested information could be found. In addition, plaintiffs attached thereto the relevant portions of the deposition transcripts. By virtue of this technique of "deposition—interrogatory comparison", the plaintiffs have demonstrated with some particularity the extent to which these interrogatories are substantially duplicative of material earlier discovered.

Pursuant to Local Rules, respective counsel for the parties met and conferred in an attempt to resolve their differences regarding discovery. Since they were unsuccessful in the attempt, the parties filed a "Stipulation Re Discovery Disagreement" in which they set forth in detail their respective adverse positions. Rule 114(c) of the Local Rules of the Eastern District of California.

On September 3, 1980, the Honorable Esther Mix, United States Magistrate for the Eastern District of California, issued an order denying the defendants' motion to compel and made the following findings in support of the order:

(1) [U]nder the circumstances of this case, the number and subject matter of the interrogatories following three days of oral depositions of Plaintiffs and inspection of documents is oppressive and overly burdensome to Plaintiffs.

(2) [T]he number of interrogatories requiring minute factual detail after exten-

sive depositions is oppressive and overly burdensome.

(3) Defendants' Interrogatories are too general and nonspecific in that they request Plaintiffs to set forth "each fact and circumstance."

(4) Defendants' Interrogatories are too general, too sweeping, and all encompassing in requiring of detail.

(5) [M]ost, if not all, of the information sought in Defendants' Interrogatories has been secured or treated by Defendants during the three days of depositions and inspection of documents.

## DISCUSSION

■ The decision of the United States Magistrate with respect to discovery issues will be overturned by the district court if, and only if, the decision is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Rule 301 of the Local Rules of the Eastern District of California; *Sherrell Perfumes, Inc. v. Revlon, Inc.*, 77 F.R.D. 705 (S.D.N.Y.1977). Thus, the precise issue facing this Court is whether the Magistrate's decision in not compelling the plaintiffs to answer numerous boilerplate variety interrogatories which are well *demonstrated* to be *substantially duplicative* of information already discovered, is clearly erroneous or contrary to law.

■ As a general rule, the scope of discovery as provided for in Federal Rules of Civil Procedure, Rules 26 through 37, is to be liberally construed so as to provide the litigants with information essential to the expeditious and proper litigation of each of the facts in dispute. *Mitsui & Co. (U.S.A.) Inc. v. Puerto Rico Water Resources Authority*, 79 F.R.D. 72 (D.C.Puerto Rico, 1978). Moreover, it cannot be disputed that the various methods of discovery as provided for in the Rules are clearly intended to be cumulative, as opposed to alternative or mutually exclusive. Rule 26(a), F.R.Civ.P.; *Taylor v. A. T. & S. F. Railway Co.*, 33 F.R.D. 283, 285 (W.D.Mo.1962), citing 2A Barron and Holtzoff, *Federal Practice and Procedure* § 772, pp. 361–62; 4 Moore, *Federal Practice* ¶ 33.09, pp. 2287–88.[1]

As to the respective advantages of interrogatories and depositions and thus their appropriate usages, Wright and Miller advise as follows:

The obvious advantage of interrogatories over a deposition is that they are much less expensive. There is not significant expense for the party sending the interrogatories except for the time spent in preparing the questions. In addition, interrogatories are a much simpler device. There are none of the details that must be taken care of in arranging for a deposition, such as obtaining a court reporter and fixing the time and place for the examination.

On the other hand, depositions are preferable if a searching interrogation of the other party is desired. At a deposition the examining party has great flexibility and can frame his questions on the basis of answers to previous questions. Moreover, the party being examined does not have the opportunity to study the questions in advance and to consult with his attorney before answering, as he does if interrogatories are used. Attempts at evasion, which might be met by a persistent oral examination, cannot be easily dealt with by interrogatories. The flexibility and the potency of oral depositions is in large part lacking in written interrogatories. It is for these reasons that depositions are, in federal court at least, by far the most widely used of the discovery devices.

1. Moore takes the position that the various methods of discovery set forth in Rules 26 through 37 of the Federal Rules of Civil Procedure were always intended to be cumulative. Some earlier case law, however, held that interrogatories could not be served following the taking of depositions. See, *e. g., Currier v. Currier*, 3 F.R.D. 21 (D.C.N.Y.,1942). Subsequently, in 1946, Congress amended Rule 33 to provide specifically for the service of interrogatories and the taking of depositions of a party, to be commenced in either order. Then in 1970, Rule 26(a) was amended to provide clearly that the various devices can be used in combination in whatever order, and further to provide that any single method may be utilized more than once. 4 Moore, *Federal Practice* ¶ 33.09, pp. 2287–88.

Despite these limitations, the usefulness, popularity, and versatility of written interrogatories have been demonstrated by experience under Rule 33. Interrogatories are an effective way to obtain simple facts, to narrow the issues by securing admissions from the other party, and to obtain information needed in order to make use of the other discovery procedures. Resort may successfully be had to interrogatories for the purpose of obtaining details about matters on which the pleadings are quite general. Interrogatories are a simple mode of obtaining the facts, or of securing information about the existence of documentary evidence. After obtaining such information by means of interrogatories, depositions of witnesses may be taken and documents may be inspected ... An attempt may even be made to secure damaging admissions by taking the deposition of a party whose answers to interrogatories are disingenuous or ... may be used for the purposes of impeachment if the oral examination leads to contradiction. Other possible uses of interrogatories are presented and molded by the exigencies of the litigation. Therefore the utility of interrogatories typically depend on the nature and complexity of the case.

Although a party may make a decision on the basis of the practical considerations here outlined in favor of using interrogatories, the court has the discretion to order that depositions rather than interrogatories be used.

8 Wright and Miller, *Federal Practice and Procedure*, § 2163, pp. 486–88.

Notwithstanding the above-mentioned principles, in most circumstances written interrogatories may be successfully employed subsequent to the taking of oral depositions. Rules 26(a) and (d) and 33 F.R.Civ.P. The plaintiffs argue, however, on the sole authority of dicta—albeit articulate, thoughtful and extensive dicta—found in *Schotthofer v. Hagstrom Construction Company*, 23 F.R.D. 666 (S.D.Ill.1958), that where interrogatories served subsequent to deposition are *demonstrated by the objector to be substantially duplicative of material already discovered*, the court should carefully scrutinize the two successive procedures in order to determine whether there has been an abuse of the discovery procedure and oppression within the meaning of Rule 30(b):

Although Rule 33 expressly provides that the deposition procedure and procedure upon written interrogatories may be successfully employed in a proper case to require an adverse party to disgorge all relevant facts within his knowledge, the device of using the two procedures successively should be carefully scrutinized by the Court. Such use of the two procedures may easily become an instrument for oppression. When, as in this case, a party has submitted to the taking of his deposition at the request of his opponent and thereafter he is served with written interrogatories by the same opponent, to the extent that the interrogatories make inquiry into the *same particulars* covered in the prior deposition the use of interrogatories is an abuse of the discovery procedure and is oppressive within the meaning of Rule 30(b). *Cf., Frankson v. Carter & Weeks Stevedoring Co.*, D.C.E. N.Y.1949, 9 F.R.D. 713.

Furthermore, while written interrogatories may, under the literal language of Rule 33 be co-extensive with interrogatories by deposition under Rule 26, one practical distinction between the two devices should be observed. Written interrogatories are most valuable as a device to compel admissions and the disclosure of major factual matters not concerned with details; the deposition is the best device suited to compel disclosure of detailed information. [Citation omitted] *Voluminous interrogatories requiring written answers involving minute factual details may be unreasonable and impose an undue burden upon the party to whom they are addressed. Ibid.* The weight of the tendency to burden and oppress is enhanced where the interrogatory procedure follows use of the deposition procedure under Rule 26.

*Schotthofer, supra*, 23 F.R.D. at 667–68 (Emphasis added)

In *Schotthofer*, the court refused to sustain the objection of the litigant on the ground that it was not sufficiently particularized to advise the court of the extent to which the interrogatories propounded him were a duplication of those matters previously covered during the course of his deposition. *Id.* The objections of the plaintiffs at bar, however, (as carefully augmented by their supplemental opposition to the defendants' motion to compel) stand in stark contrast to those depicted in *Schotthofer*. Herein, the plaintiffs have diligently undertaken to compare each and every interrogatory propounded to them with the relevant portions of the transcripts of their prior deposition testimony. The objections are therefore sufficiently particularized to advise this Court of the extent of the duplication at issue.

Indeed, it should be noted that the defendants herein *do not contest the plaintiffs' assertion that they are presently in possession of the information they seek* interrogatorily; rather, the defendants contend that they are entitled to engage in substantial duplication of earlier discovered information absent a showing of hardship or injustice by the plaintiffs. The defendants place sole reliance for their position on *Taylor v. A. T. & S. T. Railway Co., supra*. Taylor stands for the proposition that in order to object successfully to substantially duplicative interrogatories, an objector must demonstrate that some hardship or injustice would result were he/she compelled to answer for a second time. *See* also *B. & S. Drilling Co. v. Halliburton Oil Cementing Co.*, 24 F.R.D. 1 (S.D.Tex.,1959); *Hornung v. Eastern Auto Forwarding Co.*, 11 F.R.D. 300 (N.D.Ohio,1951). The defendants argue, on the basis of *Taylor*, that the plaintiffs have not demonstrated any hardship or injustice which would inure by virtue of the duplication (the plaintiffs claim generally that to answer would result in further "expense", but they venture no guess as to how much), and therefore their objections should not have been overruled.

The defendants' assertion of error by the Magistrate, however, does not necessarily follow from *Taylor* or its relatively scarce progeny. In *Taylor*, the objector was objecting to only five interrogatories, signifying that the court was not faced wit the "voluminous interrogatories requiring written answers involving minute factual details" which were discussed in *Schotthofer*. At bar, while the interrogatories are numbered thirty two, every other interrogatory is divided into two distinct subparts, and each of those subparts makes three separate inquiries, which renders their actual number substantially in excess of thirty two.

In *Kensington v. Mengel Company*, 14 F.R.D. 187 (S.D.N.Y.1953), counsel cited *groups of pages* from the prior depositions of the plaintiffs wherein allegedly responsive answers could be found; those references did not demonstrate that the purported answers could be found on any particular page. The court was left to perform the task of sifting through the pages of answers, attempting to decide which "might appropriately answer certain questions and which are not responsive...[which] is not the function of the Court on a motion of this kind." *Kensington Village, supra*, 14 F.R.D. at 188.

Similarly, in *Kainz v. Anheuser-Busch, Inc.*, 15 F.R.D. 242 (N.D.Ill.1954), the interrogatories objected to covered an *additional period of time*, and, to that extent, simply were not repetitious. In addition thereto, the propounders insisted that the prior depositions did not contain the information they sought, largely because the objectors had failed to consult or produce their records but had attempted to answer instead from memory. Therefore, complete answers to the interrogatories were not contained in the prior depositions and, as a result, the objectors did not bear their "burden of establishing that [the interrogatories] are annoying, vexatious, or oppressive beyond the limits of justice." *Kainz, supra*, 15 F.R.D. at 249.

In *Anderson v. United Air Lines, Inc.*, 49 F.R.D. 144, 147 (S.D.N.Y.1969) the court refused to sustain objections on the grounds that the objectors failed to supply the court with copies of the pertinent depositions, and

failed to demonstrate that furnishing the duplicative material would pose an undue burden. The court noted that "[there is] no persuasive authority for sustaining objections to interrogatories based upon persistent but unsupported allegations that the information sought has been previously supplied by the deposition." *Id.*

See also *Krantz v. United States*, 56 F.R.D. 555, 557 (W.D.Va.1972), wherein the court held that 1500 interrogatories requiring minute details were harsh, oppressive and unnecessary in light of the uncontroverted affidavit to the effect that the interrogator had already been provided the information it sought.

■ In attempting to reconcile these seemingly, at first blush, irreconcilable cases, the following becomes clear: while *Taylor, B. & S. Drilling, Hornung* and *Anderson* impose an additional requirement to the effect that the objecting party must *demonstrate* that "hardship or injustice" will result if he/she is forced to duplicate prior answers, the interrogatories at issue in those cases do not appear to be particularly voluminous, nor do they appear to be requiring of minute factual detail. On the other hand, *Schotthofer, Kensington, Kainz* and *Krantz* stand for, at the minimum, the proposition that when *voluminous and all-inclusive interrogatories* are *demonstrated with particularity* to be substantially duplicative of material already within the proponent's grasp, the objector's *burden* of demonstrating that they are annoying, vexatious or oppressive beyond the limits of justice *is discharged.* This Court agrees with that view.

■ It is clear that the fact that a litigant can engage in successive sets of interrogatories is not a license to engage in "repetitious, redundant and tautological" inquiries, *see Payer, Hewitt & Co. v. Bellanca Corp.*, 26 F.R.D. 219 (D.C.Del.1960). This Court cannot fathom why such patently unnecessary inquiries should be sanctioned merely because the seeker has chosen to employ two *differing* successive methods, *i. e.*, depositions and then interrogatories or vice versa, as opposed to interrogatories upon interrogatories.

It should be noted that this is not a case wherein the propounders have suggested that there are new lines of inquiry which have come to light subsequent to the taking of the depositions, *see Kainz* and *Kensington*, or that the deponents' answers were incomplete, unclear or otherwise unsatisfactory, *see B. & S. Drilling* and *Kainz.*

■ In light of the foregoing, this Court cannot conclude that the Magistrate's decision that the interrogatories at bar are oppressive and overly burdensome is clearly erroneous or contrary to law. On the contrary, the decision appears to be consistent with the case law from other jurisdictions, and does not contravene any controlling precedent within the Ninth Circuit. Moreover, as a general principle it is incumbent upon a court to balance the burden on the interrogated party against the benefit which would inure to the interrogator in making a determination whether a given set of interrogatories are so broad and all inclusive as to be overly burdensome. *Flour Mills of America, Inc. v. Pace*, 75 F.R.D. 676, 680 (E.D.Okl.1977). In light of the Magistrate's finding that the information sought to be ascertained is duplicative of that already discovered, the burden to the plaintiffs, as weighted against the marginal benefit which the defendants stand to gain, tips the scales in favor of the plaintiffs.

As a side note, the defendants appear to have read the Magistrate's decision too broadly. The decision does not preclude them from undertaking additional discovery via interrogatories in order to compel the plaintiffs to set forth any heretofore unelucidated basis for their allegations. *Cornaglia v. Riccardi*, 63 F.R.D. 416, 419–420 (E.D. Pa.1974). The decision merely sustains the plaintiffs' objections to those substantially duplicative, boilerplate interrogatories first propounded by the defendants.

Without chiding, this Court would take this opportunity to urge counsel to undertake an evaluation of the information already provided, and, thereafter, if need be,

to resubmit a reasonable number of appropriately limited interrogatories which can be fashioned to exact any previously unexacted information concerning the facts upon which the allegations of the complaint are based. Alternatively, counsel might further meet and confer in order to resolve the issue regarding senseless duplication of information presently in the defendants' possession. It should be remembered that while there is an undeniable express policy in favor of liberal judicial interpretation of the discovery rules, there is likewise public concern regarding the preservation, from squander, of a litigant's financial resources in order that the judicial process is not rendered preclusively expensive.

Accordingly, the August 27, 1980 Order of the United States Magistrate denying the defendants' motion to compel is hereby AFFIRMED.