John M. PEARCE, Plaintiff,

v.

E.F. HUTTON GROUP, INC.

and

Griffin B. Bell Defendants.

Civ. A. No. 86–0008.

United States District Court,
District of Columbia.

Dec. 17, 1986.

Stephen G. Milliken, Milliken, Van Susteren & Canan, P.C., Washington, D.C., for plaintiff.

John J. Walsh, Cadwalader, Wickersham & Taft, New York City, and Washington, D.C., for defendant The E.F. Hutton Group, Inc.

Earl J. Silbert, Allen V. Farber, Schwalb, Donnenfeld, Bray & Silbert, P.C., Washington, D.C., for defendant Griffin B. Bell.

## MEMORANDUM AND ORDER

ARTHUR L. BURNETT, Sr., United States Magistrate.

Before the United States Magistrate is Plaintiff's Motion to Compel discovery from defendant Griffin B. Bell, filed November 21, 1986. The Magistrate has given thorough consideration to the motion and its supporting memorandum and attachments, the defendant Bell's opposition, with attachments, filed December 12, 1986 and to the oral argument of counsel advanced at a hearing before the Magistrate held on December 15, 1986. The Magistrate has also fully reviewed the complaint, the answer, and the complete court file to determine the outer parameters of discovery which should be allowed in this case based on the causes of action for defamation and invasion of privacy/false light.

In considering the scope of discovery which should be permitted, the Magistrate has given due consideration to the August 1, 1983 amendments to the Federal Rules of Civil Procedure, and particularly to Rule 26(b) which authorizes the court to limit and restrict discovery as to the frequency and extent of the use of the various discovery methods permitted under the Federal Rules based on whether the information sought is obtainable more conveniently from some other source, with less burden and less expense, whether the party seeking the discovery has already had ample opportunity to obtain the information sought, and whether the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. These principles are applicable to this case.

The Court (Flannery, J.) by Memorandum filed June 10, 1986 denied defendant Bell's motion for a stay of discovery which had been requested, in part, based on the fact of the stay of discovery as to the co-defendant, The E.F. Hutton Group, Inc. because of its appeal to the District of Columbia Circuit on the issue of its right to have Mr. Pearce's claims in this case submitted arbitration instead of a court trial. The First Set of Interrogatories and Documents Request, three of which are at issue in this motion to compel, had been filed concurrently with the complaint on January 3, 1986, but they were not answered, primarily because of the pending arbitration issue, until July 10, 1986, 30 days after the

court had denied the motion for a stay. At a status call of July 31, 1986 the Court set a discovery completion date of January 9, 1987. The Court also established a pretrial conference date of February 6, 1987 at 3:00 p.m. and trial was set as to the defendant Griffin B. Bell for March 2, 1987 at 10:00 a.m., entering an Order to that effect on July 31, 1986.

Thus, it is significant to note that counsel for the plaintiff did not pursue the issue of the adequacy of the defendant Griffin B. Bell's responses to the First Set of Interrogatories between July 10, 1986 and November 21, 1986, but in the interval on October 10, 1986 served an extensive Second Set of Interrogatories together with Requests for Production of Documents, according to the certificate of service and representations in the motion to compel. Counsel for the defendant Bell submitted objection to the plaintiff's Second Set of Interrogatories and Document Requests on November 5, 1986 on the basis that they were "oppressive, unduly burdensome, abusive, overbroad and, in most instances, irrelevant." None of the interrogatories was answered.

At the hearing on December 15, 1986 counsel for the plaintiff explained this hiatus in active pursuit of discovery in this case based on the commitment of counsel's time and resources to the appeal involving the co-defendant, E.F. Hutton Group, Inc., and that it was for that reason counsel did not press his motion to compel until November 21, 1986. The Magistrate finds this explanation to be unacceptable. Counsel should have pursued the issue of the adequacy of the responses furnished July 10, 1986 shortly thereafter by first conferring with opposing counsel and if agreement could not then be reached, by filing a motion to compel no later than early August, 1986. He should have budgeted his time sufficient to bring the issue before the court at a much earlier stage in the discovery timetable. With discovery due to close on January 9, 1987 counsel should now be engaged in their respective final rounds of depositions. Likewise, the Magistrate concludes that the submission of the Second Set of Interrogatories with some 156 separate interrogatories, not counting the subparts, and some 61 separate requests for production of documents according to defendant's counsel, was inordinately delayed.[1]

For the foregoing reasons the Magistrate will deny the motion to compel answers to interrogatories and responses to the requests for production of documents, except as to the "scapegoat" issue, that is whether the defendant Griffin B. Bell knowingly made statements in his report and at the press conference of September 5, 1985 concerning John M. Pearce which he knew to be false as to whether Mr. Pearce was one of the most culpable principal wrongdoers when he knew that Mr. Pearce was acting upon the direction or instruction of higher management officials of E.F. Hutton & Co., Inc or pursuant to the policy of Hutton headquarters management personnel. The Magistrate finds this line of inquiry to be relevant as to issues raised in the defamation and false light privacy causes of actions, and the interrogatories related thereto, and questions placed in the course of third-party depositions to officials and employees of Hutton pursuing this line of inquiry,[2] shall be answered.

To specifically define the parties' obligations at this time so that they may complete the discovery within the time frame as previously set by the Court, except as modified herein, it is now hereby this 17th day of December, 1986,

ORDERED;

1. That the defendant Griffin B. Bell shall furnish a further supplemental specific answer to Interrogatory No. 11 of the

1. Defendant Bell's counsel claims that there are at least some 332 questions when the subparts are also counted.

2. Depositions of Hutton employees and officers may proceed as third-party witnesses to the same extent as if E.F. Hutton Group, Inc. had not been named a party in this case. The stay of discovery as a party on the arbitration issue does not restrict third-party discovery within its proper scope. Counsel for Hutton so acknowledged in his comments in the hearing before the Magistrate.

First Set of Interrogatories, limited to persons employed by Hutton as to John M. Pearce's actions and whether he acted upon the direction of higher officials in Hutton's headquarters or pursuant to Hutton's policy or on his own initiative and Interrogatory No. 16c, limited to interviews concerning directions given to managers of regions and branches regarding Huttons overdrafting, "chaining" and cash management policies and any mentioning of John M. Pearce and/or the Bethesda Branch of the St. Louis Branch operations while Mr. Pearce was in charge thereof. To the extent that responsive information has been provided in response to overlapping interrogatories, that information need not be repeated in the supplemental answers required by this paragraph.

2. That the defendant Griffin B. Bell shall furnish a further answer to the following interrogatories and requests for production of documents in the Second Set of Interrogatories and Requests for Production of Documents: Numbers 7 (limited to the years 1980 to 1984 and to reports of which defendant Bell had knowledge as of September 5, 1985), 9, 12, 13, 14, 23, 25, 26, 32, 33, 34, 36, 41 (limited to plaintiff), 42, 43, 44, 58, 59, 60, 62, 63, 66, 70, 71, 79, 83, 84, 121, 122 and 123.[3]

3. That is all other respects the motion to compel be and is hereby DENIED, without prejudice to plaintiff's counsel asking questions of the defendant Griffin B. Bell on deposition or of third-party witnesses upon deposition as to the issue [4] as phrased by the plaintiff, "that he was made a scapegoat in an effort commissioned by Hutton Group and undertaken by defendant Bell to effect damage control for E.F. Hutton & Co., Inc. in the face of ongoing investigations by the United States Securities and Exchange Commission, by securities regulators in the several states, by the New York Stock Exchange as well as by the United States Senate and House of Representatives." Plaintiff's Motion to Compel at 3.[5]

4. That the defendant Griffin B. Bell shall comply with the foregoing paragraphs of this Order by filing answers and responses no later than December 31, 1986.

5. Plaintiff John M. Pearce having filed on December 12, 1986 a motion to enlarge discovery and to modify jury pretrial order, and counsel for the defendant Bell having strongly asserted at the hearing before the Magistrate their opposition, but it appearing that the interrogatory and document production ordered herein may warrant a brief extension of discovery to conclude the taking of depositions after answers and responses have been received, the discovery completion date is hereby extended to January 20, 1987 and the date for submission of pretrial briefs is changed to January 23, 1987, with all of the other dates in the Court's Jury Pretrial Order, filed August 1, 1986 remaining in effect, with the pretrial conference remaining set for February 6, 1987 at 3:00 p.m. and trial

3. The Magistrate rejects defendant's suggestion to strike the Second Set of Interrogatories based on the "sheer numerosity" of 332 questions, citing *In re U.S. Financial Securities Litigation,* 74 F.R.D. 497, 498 (S.D.Cal.1975), when counsel has stated only 246 of the 332 questions are "totally irrelevant to the issues in this case." This representation implicitly concedes that at least 86 questions are relevant or some 25 percent thereof. At this late stage, it would be judicially inefficient to strike all of the interrogatories and to allow the plaintiff to file a new set of narrower and more restrictive interrogatories tailored to the issues in this case.

4. The detail sought by many of plaintiff's interrogatories in his second set may be obtained, even as relevant, through depositions of witnesses. *See Richlin v. Sigma Design West, Ltd.,* 88

F.R.D. 634, 638 (E.D.Cal.1980), *Crown Center Development Corp. v. Westinghouse Electric Corp.,* 82 F.R.D. 108, 112 (W.D.Mo.1979); *Schotthofer v. Hagstrom Construction Co.,* 23 F.R.D. 666, 668 (S.D.Ill.1958).

5. The Magistrate concludes that this issue is embraced within the scope of paragraph 14 of the complaint and a simple amendment of that paragraph would make explicit what is implicit therein, that is, that the defendant Bell is alleged to have been a willing participant in Hutton's efforts at damage control and to have placed blame on the shoulders of local branch managers and to have exonerated top level Hutton management officials, or to have minimized their role in the wrongdoing charged against Hutton in the criminal Information.

set for March 2, 1987 at 10:00 a.m.[6] In all other respects plaintiff's motion to enlarge discovery and to modify jury pretrial order is DENIED.

---

**6.** This modification in the Court's Order has been approved by the Court (Flannery, J.).