**H.M. SENDI, et al., Plaintiffs,**

v.

**PRUDENTIAL–BACHE SECURITIES and Ronald J. Fitzgerald, Defendants.**

**Civ. A. No. 83–0202.**

United States District Court, District of Columbia.

Oct. 19, 1983.

---

Arthur M. Schwartzstein, Schwartzstein & Brown, Washington, D.C., for plaintiffs.

Mahlon M. Frankhauser, Charles R. Mills, Barrett, Smith, Schapiro, Simon & Armstrong, Washington, D.C., for defendants.

MEMORANDUM OPINION AND ORDER

ARTHUR L. BURNETT, United States Magistrate.

A substantial number of significant discovery disputes has arisen in this case. On October 5, 1983, this Magistrate conducted a comprehensive hearing on all outstanding discovery disputes between the parties to this litigation. Since then the Magistrate has reviewed the entire court file and specifically the parties' various discovery motions, hereinafter discussed, and the memoranda in support of, and opposition to, these motions. With reference to all the discovery compliance ordered herein, such discovery shall be furnished and/or completed by Friday, November 18, 1983.

I.  Plaintiffs' Motion for Protective Orders as to Defendants' Second Set of Interrogatories Propounded to Plaintiff H.M. Sendi and Second Set of Interrogatories Propounded to Plaintiff Eloise Sendi.

The motion for a Protective Order as to the interrogatories propounded to Dr. H.M. Sendi is DENIED, in part, and GRANTED, in part. After a complete review of the court file and specifically the deposition transcript of Dr. Sendi, as to relevant parts thereof, the Magistrate is of the view that he was vague and indefinite in many of his responses, and thus he should be required to give specific, detailed and accurate responses to interrogatories num-

bers 2, 3, 4, 11, 15 and 17. His motion as to the other interrogatories within the second set, however, is granted. That some information may have been furnished during the deposition which will answer a particular interrogatory by no means assures that a *complete* answer has been furnished. Cf. *Richlin v. Sigma Design West Ltd.,* 88 F.R.D. 634, 639 (E.D.Cal.1980); *Kainz v. Anheuser-Busch, Inc.,* 15 F.R.D. 242, 249 (N.D.Ill.1954). However, where complete answers are contained in prior depositions, then a motion to compel answers to subsequent interrogatories seeking to elicit the same information should be denied as burdensome, vexatious, oppressive and totally without justification. *Richlin v. Sigma Design West, Ltd., supra.*

The motion for a Protective Order as to the interrogatories directed to Mrs. Eloise Sendi is hereby GRANTED as counsel at oral argument conceded the issue had been mooted by her subsequent oral deposition.

II. Defendants' Motion to Compel Plaintiffs to Produce Copies of Tax Returns and Documents and Information Concerning Investment Activities of the Plaintiffs Not Connected With the Pension Plans Involved in this Case.

■ Defendants in their motion of August 24, 1983 seek to compel plaintiffs to produce all documents responsive to their Document Requests Nos. 1, 3 and 4 of the Defendants' First Request for Production of Documents and to require that Dr. H.M. Sendi furnish information in response to a particular question he refused to answer during his deposition of July 19–20, 1983. After a complete review of the court file, the Magistrate concludes this motion shall be GRANTED. The production is clearly relevant to the issues of Dr. and Mrs. Sendi's sophistication, experience, access to other information concerning investment matters, and relevant to the counterclaim issues of commingling or use of the pension funds as their personal funds. The capacity in which they sue in no way limits or is even relevant to their actual sophistication and experience in investment matters. Notwithstanding the privacy and confidentiality interest afforded to tax returns, *De Masi v. Weiss,* 669 F.2d 114, 119–20 (3d Cir.1982), where critical issues of sophistication in the stock market, loans by the funds to the Sendis personally, the possible commingling or misuse of pension funds with personal funds, and credibility of the plaintiffs concerning the substance of their conversations with their stock market adviser and account executive, the defendant Ronald Fitzgerald, Sr., are presented, the production of copies of their tax returns may be required. See, e.g., *Smith v. Bader,* 83 F.R.D. 437, 439 (S.D.N.Y.1979); *Houlihan v. Anderson-Stokes, Inc.,* 78 F.R.D. 232, 234 (D.D.C. 1978). The contents of the tax returns in this case would also be relevant on the issues of the suitability of the investments in the pension plans. Dr. and Mrs. Sendi's personal incomes and finances are obviously relevant on disposable income to be placed in the plans and their investment goals and objectives. However, to protect the privacy and confidentiality interest accorded tax returns, copies of the tax returns shall be filed under seal in this case and no disclosure shall be made of the contents thereof except in the litigation of this case, and even then, any contents reflected in pleadings or memoranda shall also be under seal.

■ The motion also sought to compel Dr. Sendi to state any facts he knows which would have led him or anyone in June 1980 to believe that American Resources Management Corporation stock was highly risky, speculative, and not suitable for the plaintiffs. At deposition, Dr. Sendi refused to answer this question on advice of counsel, asserting attorney work product and attorney-client privileges. After a review of the relevant portions of the deposition transcript, the parties' memoranda, and the court file, the Magistrate concludes the motion should be GRANTED, provided the answer is limited only to *all* the *facts* which existed prior to June 20, 1980 concerning the risk involved in purchasing American Resources Management Corporation stock, known to Dr. Sendi, Mrs. Sendi, or any of their agents and employees, and the disclo-

sure of this information does not disclose counsel's legal theories and arguments in the case. Facts in and of themselves are not privileged matters and do not become so simply by the lawyer telling his client or the client telling the lawyer what facts exist. See *Upjohn Company v. United States,* 449 U.S. 383, 395–96, 101 S.Ct. 677, 685–86, 66 L.Ed.2d 584 (1981). Mutual knowledge of all the relevant facts gathered by both parties is essential to proper and efficient civil litigation. Factual questions of risk involved in the investment in a particular stock is no more a legal question than a question of what facts, in an automobile accident case, support the plaintiff's allegation that the defendant operated his vehicle in a careless and negligent manner. While indirectly, whenever a party sets forth the facts in support of an allegation in a complaint, this may involve the attorney's sifting process in reviewing the answers to interrogatories as to what facts are important and significant, this does not make the answer the attorney's work product nor would it implicate the attorney-client privilege where the party is furnishing the facts to the attorney in order to respond properly and accurately to interrogatories. It is noted that interrogatories Nos. 15 and 17 cover the same subject matter as was the subject of the deposition impasse, and to the extent that Dr. Sendi responds to these two interrogatories with all factual information known to him now, either personally or based on what others told him, including counsel, such responses shall suffice for purposes of compliance with this Memorandum Opinion and Order.

■ Defendant filed an amended motion to compel discovery on September 7, 1983 to compel plaintiffs to respond to interrogatory No. 7 of the first set of interrogatories filed April 14, 1983, which read:

Please identify all investments made during the period January 1, 1973 to present, for the benefit of Dr. H.M. Sen-

di, Eloise Sendi, the Defined Contribution Pension Plan, the Voluntary Contribution Pension Plan or any other pension plan or other trust or brokerage arrangement of which either Plaintiff is a beneficiary.

The Magistrate concludes that a complete, detailed and accurate answer to this interrogatory is required. The plaintiffs' investment experience and history is material to any evaluation of their sophistication and experience in investment matters, and also relevant to the defendants' defenses of ratification, estoppel, statute of limitations and laches. For these reasons, and those stated above concerning their total financial and investment experience, the motion to compel is GRANTED.

III. Plaintiffs' Motion for Protective Orders as to Depositions of E.F. Hutton & Co. and Samuel Rollins, CPA.

The Magistrate on September 29, 1983 granted the motions for protective orders to preserve the *status quo* pending oral argument on all the outstanding discovery disputes in this case and review of the entire court file. Having now reviewed the entire court file, and having ruled on the scope of discovery with respect to Dr. and Mrs. H.M. Sendi's financial and investment experience to the effect that such discovery cannot be limited to their capacities as trustees for the two pension plans involved in this litigation, but that what is relevant is their total financial and investment experience, the Magistrate hereby lifts the protective orders and will allow these depositions to proceed, provided at least five (5) days notice is given and the depositions are completed prior to November 18, 1983.

IV. Plaintiffs' Motion for Sanctions and to Compel, filed September 26, 1983.

■ Plaintiffs, asserting that the defendants had belatedly produced certain documents and records and suggesting bad faith ·by the defendants,[1] on September 26, 1983

---

1. Counsel for the plaintiffs in a letter of September 1, 1983 strongly protested the withholding by the defendants of what he characterized as a sell recommendation of May 16, 1980 re-

garding American Resources Management Corporation stock issued by Prudential-Bache's research department. In that letter counsel asserted: "We believe the failure to disclose the

filed their motion for sanctions and to compel, requesting that the Court enter an

> "Order (a) that the following designated facts shall be taken to be established for purposes of this action in accordance with the claims of the plaintiffs: (1) that margin calls were not sent to plaintiffs; and (2) that defendant Fitzgerald avoided having margin calls sent to plaintiffs; (b) refusing to allow defendants to oppose plaintiffs' claims that (1) margin calls were not sent to plaintiffs; and (2) that defendant Fitzgerald avoided having margin calls sent to plaintiffs; and (c) prohibiting defendants from introducing evidence that margin calls were sent to plaintiffs."

The Magistrate has carefully reviewed the parties' respective memoranda and attached exhibits, including excerpts of deposition testimony, declarations under 28 U.S.C. § 1746, and relevant documents, and concludes that the record is now insufficient to establish purposeful concealment of relevant discovery materials or bad faith.[2] However, the record shows, and counsel for the defendants concedes, mistakes and inadvertence in Prudential-Bache's discovery responses, and the Magistrate concludes that there was indeed negligence on the part of certain defendant Prudential-Bache's agents.[3] Thus, while plaintiffs' motion that certain facts be deemed established or that defendant be prohibited from offering evidence to contradict plaintiffs' claims as to margin calls is DENIED, plaintiffs' motion is GRANTED to the extent of allowing plaintiffs to re-depose defendant Ronald J. Fitzgerald, Sr., Prudential-Bache officials Alexander Heckman (Vice President and Manager of the branch office in Washington, D.C.), Robert Anderson (Administrative Manager), Anthony Somma (Operations Manager of the Washington, D.C. office), margin clerk Eloise Pringle, and any other Bache employees having knowledge of facts concerning the alleged improperly withheld copies of margin calls marked by handwriting "Do Not Mail", the five (5) A.E. Copies (Account Executive Copies) of margin calls subsequently discovered concerning the Sendi's accounts, and computer runs sheets, the alleged improperly withheld May 16, 1980 "Information Piece" regarding American Resources Management Corporation,[4] and the circumstances surrounding the misplacing or loss of the original order tickets for the purchases of American Resources Management Corporation stock for the Sendi's account, such further depositions to be at the expense of the defendant Prudential-Bache Securities,

---

May 16, 1980 sell recommendation can only be regarded as a knowing concealment of not only discoverable but material evidence and, further, that we have been prejudiced in our earlier discovery by this concealment."

2. It is significant to note the declaration of James C. Sweeney, Regional Counsel in Prudential-Bache's headquarters in New York, New York, under 28 U.S.C. § 1746, to the effect that a research library check for a record of the wire transcription, dated May 16, 1980, a copy of which had been obtained from Mr. Barry Saydal, a former employee of the Research Department, disclosed no reference to the May 16, 1980 "Information Piece" on American Resources Management Corporation in the research library indices or in the Weekly Research Notes for the week of May 16, 1980. According to Mr. Sweeney, while the May 16, 1980 "Information Piece" appears to have been something produced and transmitted by the Prudential-Bache system, no record of that piece appears anywhere in the system.

Further, Mr. Fitzgerald in a declaration has stated that until he was asked by Mr. Charles Mills about this document: "I was not aware of any such document and to the best of my knowledge did not remember ever seeing or hearing about such a document."

3. The Magistrate specifically refers to Mr. Anthony Somma's handling of the original margin calls records and the A.E. copies and computer runs and the misplacing of the envelope with the original records in it.

4. It is noted that Prudential-Bache's predecessor company, Bache Halsey Stuart Shields, Inc.'s former employee, Barry Sahgal, who was the alleged source of this document, has since the discovery of this document been deposed in New York, New York, on September 26, 1983. It appears that the March 11, 1980 Research Note, which was initially found and produced, bore the name of Barry Sahgal, and this may have been the lead that resulted in his subsequent location, the contact and the revelation of the May 16, 1980 "Information Piece."

Inc.,[5] and such depositions to be conducted and completed prior to November 18, 1983.

Further, with reference to all documents and records the defendants claim to be privileged, but which would otherwise be responsive to plaintiffs' discovery requests, the defendants shall file with the court a memorandum setting forth the nature and date of the document or record, a description of the subject matter and the privilege asserted, and the name, address and title of the person or persons who prepared the document, the name of the person(s) to whom the document was addressed or sent, and the current custodian of the document or record.

In all other respects the plaintiffs' motion for sanctions and to compel is hereby DENIED. Specifically, each party is denied requests for reasonable expenses and attorneys' fees with reference to their respective motions for protective orders or motions to compel in view of the fact that each side has not fully complied with their discovery responsibilities in this case. However, the rulings herein are without prejudice to plaintiffs renewing their motion for sanctions should further discovery disclose evidence of bad faith by the defendants, concealment or destruction of records or documents relevant to the discovery issues in this case.

### V. Other Discovery Issues.

At oral argument counsel for the plaintiffs raised a discovery question concerning the meaning of the Code G–53–Q on the ledger sheet for Account No. 45–95795, the H.M. Sendi Ltd. Pension Plan Voluntary Contribution for Dr. H.M. Sendi with reference to "trans funds from mon to cash." Counsel for the plaintiffs requested to be advised whether that code referred to defendant Fitzgerald's code. Defendants shall endeavor to furnish whatever further information is currently available on the meaning of this code symbol on or before November 18, 1983.

Plaintiffs' counsel also raised a question of discovery concerning whether Prudential-Bache was paying Mr. Fitzgerald's legal fees in this case and whether there was any arrangement to reimburse him if judgment were entered against him. Based on the oral argument and representations of counsel and the possibility that a conflict could develop between the positions of Prudential-Bache and defendant Fitzgerald, if Prudential-Bache later at trial endeavor to prove Mr. Fitzgerald was acting outside the scope of his employment for Prudential-Bache, the Magistrate concludes that the defendants must give full, complete and candid answers to this discovery request, whether there is a written agreement or merely an understanding between the parties, as the response may bear upon credibility issues relevant to resolving the issues in this case.

Counsel for the plaintiffs also orally requested that the defendant Prudential-Bache be required to state what facts it would rely upon to establish that if the defendant Fitzgerald committed violations of law, Prudential-Bache did not participate in such violations by willfully and recklessly failing to supervise his acts and conduct and by failing to establish and enforce adequate internal rules and guidelines. Counsel for the defendants argued that this position was merely legal pleading which they were entitled to assert to meet whatever factual case plaintiffs might present at trial, and that they currently know of no facts which would indicate Mr. Fitzgerald committed violations of law. Accordingly, based on this representation, the plaintiffs' oral motion to compel a further factual answer was DENIED.

Upon suggestion of counsel for the plaintiffs and acquiescence of counsel for the defendants, a status/settlement conference is hereby set before the Magistrate for De-

---

**5.** The Magistrate has decided to impose the expense of such further discovery on the defendant Prudential-Bache in view of counsel's concession in his letter of September 19, 1983:

"... the documents included with the above described letters were newly discovered, previously lost, through inadvertence and mistake not earlier tendered to counsel, ...."

cember 1, 1983 at 3:30 p.m. in Courtroom 25, U.S. District Court.