**PULSECARD, INC., Plaintiff,**

v.

**DISCOVER CARD SERVICES, INC., et al., Defendants.**

Civ. A. No. 94–2304–EEO.

United States District Court, D. Kansas.

July 12, 1996.

Frederick K. Starrett, Curtis L. Tideman, William G. Howard, Lathrop & Gage L.C., Overland Park, KS, Denise E. Farris, Farris Law Firm, Kansas City, MO, for plaintiff Pulsecard Inc., a Kansas Corporation.

Randall E. Hendricks, Lawrence A. Rouse, Melissa C. Hinton, Rouse, Hendricks, German, May & Shank, Kansas City, MO, for defendants Discover Card Services Inc., SPS Payment Systems Inc.

Scuyler M.P. Kurlbaum, Steven H. Mustoe, Kurlbaum, Stoll, Seaman, Reefer, Suter & Mustoe, P.C., Kansas City, MO, for movants United Surgical Funding and Systems, Inc., Medcash Inc.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The court has under consideration the following motions:

1. Plaintiff Pulsecard, Inc.'s Motion To Compel Discovery Responses From Defendant SPS Payment Systems, Inc. (doc. 361);

2. Plaintiff Pulsecard, Inc.'s Motion To Compel Discovery Responses From Defendant Discover Card Services, Inc. (doc. 363);

3. Plaintiff Pulsecard, Inc.'s Motion To Compel Discovery Responses From Defendant Discover Card (doc. 413); and

4. Plaintiff Pulsecard, Inc.'s Motion To Compel Discovery Responses From Defendant SPS Payment Systems, Inc. (doc. 415).

Pursuant to Fed.R.Civ.P. 37, plaintiff thereby seeks an order to compel SPS and Discover to fully answer its Second and Third Sets of Interrogatories. It also seeks an order to compel SPS to produce all documents responsive to its Second Request for Production of Documents. Each of the motions contain a request for oral argument. SPS and Discover oppose the respective motions directed towards them.

Whether to grant a request for oral argument is within the sound discretion of the court. D.Kan.Rule 7.2. The written memoranda sufficiently apprise the court of the nature of the discovery disputes. No need for oral argument appears to exist. The court will make its ruling on the submitted written memoranda.

*Timeliness of Second Motions To Compel*

As a preliminary matter the court must determine whether the second motions against SPS and Discover (docs. 413 and 415) are timely. Plaintiffs filed them both on February 2, 1996. Defendants suggest that the deadline for filing such motions expired on December 8, 1995. It did. The Pretrial Order in this case states:

2. Plaintiff's Motion to Compel regarding SPS' Response to PulseCard's Second Interrogatories, Second Request for Production of Documents ... shall have been filed by December 8, 1995.

3. Plaintiff's Motion to Compel regarding Discover Card's Response to Pulse-Card's Second Interrogatories ... shall have been filed by December 8, 1995.

(Pretrial Order, doc. 412, ¶¶ 9(b)(2) and (3).)

The second motions to compel are untimely. Once a deadline has expired, the court may grant an extension of time upon a showing that the failure to act was due to excusable neglect. Fed.R.Civ.P. 6(b)(2); D.Kan. Rule 6.1. The Pretrial Order, furthermore, states that it will "control the future course of the action unless modified to prevent injustice." (Pretrial Order, at 50.) Fed. R.Civ.P. 16(b), moreover, provides that "[a] schedule shall not be modified except upon a showing of good cause."

■■■■ The Tenth Circuit Court of Appeals has recognized the interrelation between "excusable neglect" and "good cause:"

Without attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking the enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required. The district court is clearly not compelled to accept a lesser 'excusable neglect' showing.

*Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir.1996) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985)) (citation omitted); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir.1987). " '[G]ood cause' requires a greater showing than 'excusable neglect.' " *Broitman*, 86 F.3d at 175.

"The 'good cause' standard primarily considers the diligence of the party" ... The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." The lack of prejudice to the nonmovant does not show "good cause."

*Deghand v. Wal–Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D.Kan.1995) (citations omitted).

Plaintiff here has shown no good cause to modify the schedule set forth in the Pretrial Order. Nor has it shown that manifest injustice will result from following the schedule set forth therein. It has not even shown that its failure to act was the result of excusable neglect. In short plaintiff provides no reason for considering the second motions to compel out of time. The court overrules them as untimely.

The court next addresses the first motions to compel. Plaintiff seeks full answers from SPS to Interrogatories 6, 7, 9 through 13, 15, 16, 17, 20 through 25, 27, 28, and 29 of its Second Set of Interrogatories propounded upon SPS. It also seeks production from SPS of all documents responsive to Requests 4, 17, and 33 through 36 of its Second Set of Requests for Production of Documents. It seeks full answers, furthermore, from Discover to Interrogatories 3, 4, 5, 6, 14, 18, 19, 20, 23, and 26 of its Second Set of Interrogatories propounded upon Discover. Defendants oppose the motions directed towards them. Plaintiff has filed no reply to the oppositions.

*Failure To Reply*

■ Failure to reply makes the factual assertions set forth in the responses to the motions uncontested. *Haselhorst v. Wal–Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D.Kan. 1995). The court applies the applicable law to those facts to reach its own conclusions. It does not accept uncontested conclusions or statements of law simply because one party has failed to reply.

*Reliance Upon Objections*

■ Defendants do not rely upon some of their objections in opposing the motions directed to them. When parties raise objections and choose not to pursue them against a motion to compel, the court may deem them abandoned. The court here deems such objections abandoned.

■ Defendants also assert objections they failed to raise in response to the requests for discovery. Such objections are untimely. The court declines to consider them.

*Duty to Confer*

■ SPS suggests that plaintiff has failed to make sufficient effort to define certain alleged ambiguous terms contained within Interrogatories 22 and 24, as required by D.Kan.Rule 210(j) (now 37.2). The duty to confer is now a prerequisite to motions to compel by virtue of the Federal Rules of Civil Procedure. Counsel for parties moving to compel discovery have a duty to make reasonable efforts to confer with opposing counsel before filing a motion to compel. *See* Fed.R.Civ.P. 37(a)(2). Movants must include with their motion a certification of compliance. *Id.* Such certification "shall describe the steps taken by all counsel to resolve the issues in dispute." D.Kan.Rule 37.2. These conference requirements serve to satisfactorily resolve discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere.

■ Plaintiff has certified its compliance with the conference requirements. Its efforts, however, consist of one letter between counsel. The motion and supporting memorandum reveal no other efforts to confer. One letter does not satisfy the duty. Despite the clear non-compliance, it remains within the discretion of the court to consider the motion on its merits. At its discretion the court may waive strict compliance with the conference requirements. *Case v. Unified School Dist. # 233*, No. Civ.A. 94–2100–GTV, 1995 WL 340988, at *2 (D.Kan. June 1, 1995). It will generally do so when the time for filing another motion to compel has passed and the respondent opposes the motion on its merits and offers no possibility of compromise. *See Burke v. Chaikin*, No. 93–2135–EEO, unpublished op. at 10, 1994 WL 132996 (D.Kan. Feb. 9, 1994). In such instances it may unduly prejudice the movant not to resolve the motion on its merits. *See id.*

The deadline for filing the present motion to compel passed on December 8, 1995. SPS opposes the motion on its merits. It offers no possibility of compromise. Trial is less than a month away. Although the court is generally reluctant to consider motions to compel when a party has suggested that conference requirements were not satisfied, the court nevertheless finds that, in this instance it would unduly prejudice plaintiff not to rule on the merits of the motion.

*General Objections*

Defendants assert general objections to the second sets of interrogatories and requests for production. They purport to incorporate each general objection into each particular response, regardless of whether they actually raise the objection in response to the particular interrogatory or request for production. Thus they purport to assert or reserve every general objection to every interrogatory and request for production.

Use of general, reserved objections is disfavored. Fed.R.Civ.P. 33(b)(4), governing interrogatories to parties, provides that "[a]ll grounds for an objection shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Congress added paragraph 4 in 1993 "to make clear that objections must be specifically justified, and that unstated or untimely grounds for objections ordinarily are waived." Fed.R.Civ.P. 33 advisory committee notes (1993 Amend.). The requirement that objections be stated with specificity appears contrary to the use of general objections to a set of interrogatories or requests. Such general objections typically would not satisfy the specificity requirements of Rule 33.

Although Fed.R.Civ.P. 34, governing production of documents and things, provides no similar language with respect to specificity and waiver of objections, no reason exists to distinguish between interrogatories and requests for production. Before and after the 1993 amendments to the Federal Rules of Civil Procedure, this court has quoted *Fretz v. Keltner,* 109 F.R.D. 303, 309 (D.Kan.1985) for the proposition that "[f]ailure to answer or object in a timely manner constitutes waiver of the right to object. This waiver includes claims of privilege." *E.g., Fuller v. Woodland Racing,* No. 92–2317–GTV, unpublished op. at 2, 1994 WL 171408 (D.Kan. May 20, 1994); *Cleveland v. Abbott Lab.,* No. 92–2272–GTV, unpublished op. at 7 (D.Kan. May 6, 1993); *Tacy v. Trinity Lutheran Manor, Inc.,* No. 92–2197–KHV, unpublished op. at 2 (D.Kan. Apr. 7, 1993); *FDIC v. Benjes,* No. 91–2340–JWL, unpublished op. at 2 (D.Kan. Dec. 18, 1992). Each of these unpublished opinions apply the proposition to requests for production and interrogatories. The Advisory Committee Notes to Rule 34, moreover, states that "[t]he procedure provided for in Rule 34 is essentially the same as that in Rule 33." Fed.R.Civ.P. 34 advisory committee's notes (1970 Amend.). Despite four subsequent amendments to Rule 34 and two to Rule 33, the procedures provided for in both rules remain essentially the same. The court will not distinguish between interrogatories and requests for production when considering the effects of non-specific or untimely objections.

Fed.R.Civ.P. 33(b)(1), furthermore, directs parties to separately answer each interrogatory, "unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." In addition D.Kan.Rule 33.2 provides that "[s]ufficient space for the insertion of an answer shall be left following each interrogatory served pursuant to Fed.R.Civ.P. 33. Each answer to an interrogatory shall be immediately preceded by the interrogatory being answered." Although neither Fed.R.Civ.P. 33 nor D.Kan.Rule 33.2 explicitly require separate objections to interrogatories, such separation appears to be the better practice. The practice of incorporating "General Objections" into each specific interrogatory "leaves some room for dissatisfaction or confusion." *SEC v. Downe,* No. 92 Civ. 4092 (PKL), 1994 WL 23141, at *7 (S.D.N.Y. Jan. 27, 1994). Such practice often clouds the extent to which the answering party is withholding information. *Id.*

Fed.R.Civ.P. 34(b), furthermore, directs that responses to requests for production "shall state, with respect to each item or

category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." Again, there appears to be no explicit requirement that objections to each request be stated separately. Nevertheless such separation appears to be the better practice. The analysis espoused in *Downe* appears equally applicable with regards to responding to requests for production.

■■■■ General objections may occasionally serve as an efficient response. The court may consider and rule upon general objections raised against sets of interrogatories or requests for production. *See First Sav. Bank, F.S.B. v. First Bank Sys., Inc.,* No. 95–4020–SAC, 1995 WL 250394, at *1 & n. 3 (D.Kan. Mar. 30, 1995), *order set aside on other grounds,* 902 F.Supp. 1356 (D.Kan. 1995); *Sunbird Air Servs., Inc. v. Beech Aircraft Corp.,* No. Civ.A. 89–2181–V, 1992 WL 739505, at *3 (D.Kan. Sept. 4, 1992). It generally treats merely reserved objections, however, as untimely. *See Employers Commercial Union Ins. Co. of Am. v. Browning–Ferris Indus. of Kan. City,* No. Civ.A. 91–2161–JWL, 1993 WL 210012, at *1 (D.Kan. Apr. 5, 1993). When parties fail to "make specific legitimate objections to particular interrogatories within the time allowed," the court may appropriately deem objections to those interrogatories waived. *See Casson Constr. Co. v. Armco Steel Corp.,* 91 F.R.D. 376, 379 (D.Kan.1980). The same can be said of failing to make specific legitimate objections to requests for production.

In this instance the court will determine to what extent it will consider the general objections of SPS. In response to the motion to compel, SPS reasserts objections of undue burden and irrelevancy against Request 34 and Interrogatories 6 and 7. It had previously asserted them in its "General Objections" against all the requests for production and interrogatories. It also reasserts its "General Objection" of undue burden against Interrogatory 29.

■■■■ The court finds the objection of undue burden and irrelevancy against Request 34 untimely. Parties cannot reserve objections to use at their leisure. Although

SPS objected generally on grounds of undue burden and irrelevancy in response to the requests, it thereafter specifically stated that it had no objections to Request 34 and would produce all responsive documents. The specific response supersedes the general objections. The court here considers the general objections only to the extent they are consistent with the specific response or answer to the request for discovery.

The court holds otherwise with regard to the general objections of undue burden and irrelevancy against Interrogatories 6, 7, and 29. It finds them consistent with the specific responses to those interrogatories. The court will consider such objections in due course.

*Undue Burden*

■■■■ "Once a party has requested discovery, the burden is on the party objecting to show that responding to the discovery is unduly burdensome." *Snowden v. Connaught Lab.,* 137 F.R.D. 325, 332 (D.Kan. 1991). "In making a decision regarding burdensomeness, a court should balance the burden on the interrogated party against the benefit to the discovering party of having the information." *Hoffman v. United Telecommunications, Inc.,* 117 F.R.D. 436, 438 (D.Kan.1987). Parties may sometimes avoid the burden which accompanies answering interrogatories by electing to produce their business records in accordance with Fed.R.Civ.P. 33(d).

*Option To Produce Business Records*

Defendants suggest that previous or forthcoming production of documents answer some of the interrogatories. A party may elect to produce its business records to answer an interrogatory, but must affirmatively do so in accordance with Fed.R.Civ.P. 33(b) and (d) and D.Kan.Rule 33.2. To rely on Fed.R.Civ.P. 33(d), a respondent must state in its answer to the interrogatory its election to produce its business records.

Under Fed.R.Civ.P. 33(d) a party may produce its business records in lieu of answering when

the answer to an interrogatory may be derived or ascertained from [them] or from an examination, audit or inspection of [them] ... and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served.

A party electing to produce documents under Rule 33(d), moreover, must

specify the records from which the answer may be derived or ascertained and ... afford to the party serving the interrogatory reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

To comply with the rule, the respondent must thus specifically designate what business records answer each interrogatory; such records must contain the information sought by the interrogatory; and the burden of deriving the answer from them must be substantially the same for the party seeking the information as for the respondent.

 Defendants have made no specific election under Fed.R.Civ.P. 33(d). They purportedly have produced or will produce documents in response to some of the interrogatories. For the most part, however, the court finds nothing to suggest defendants have specifically designated which documents answer which interrogatory. Under the guise of Fed.R.Civ.P. 33(d) defendants may not simply refer generically to past or future production of documents. They must identify in their answers to the interrogatories specifically which documents contain the answer. Otherwise they must completely answer the interrogatories without referring to the documents. They may produce their business records to answer part of an interrogatory, if they otherwise fully answer the other parts.

 In response to the motion defendants specify some documents that purportedly answer certain interrogatories. In one instance SPS qualifies the list of specified documents with the phrase, "included among these documents." This makes the list non-specific. It does not qualify as an election to produce business records. The answer must specify, without qualification, which documents contain the answer. Defendants, in some instances, simply refer generically to produced documents. Such references do not satisfy the specificity requirement of Fed.R.Civ.P. 33(d). In one instance SPS identifies documents produced by a non-party. Such documents do not appear to be its own business records. Thus their production does not answer the interrogatory.

*Duplicative Discovery*

 As an alternative to answering interrogatories defendants sometimes direct plaintiff to deposition testimony given in this case. Deposition testimony does not necessarily equate with answering interrogatories. Parties may seek information through a variety of discovery vehicles. Fed.R.Civ.P. 26(a)(5) provides:

Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property under Rule 34 or 45(a)(1)(C), for inspection and other purposes; physical and mental examinations; and requests for admission.

"[T]he various methods of discovery as provided for in the Rules are clearly intended to be cumulative, as opposed to alternative or mutually exclusive." *Richlin v. Sigma Design W., Ltd.,* 88 F.R.D. 634, 637 (E.D.Ca. 1980). "Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, [moreover,] methods of discovery may be used in any sequence." Fed.R.Civ.P. 26(d). That a particular deponent may furnish some information that will answer a particular interrogatory, moreover, by no means assures that the information as furnished constitutes a complete answer. *Sendi v. Prudential–Bache Sec.,* 100 F.R.D. 21, 23 (D.D.C.1983). When complete "answers are contained in prior depositions, [however,] then a motion to compel answers to subsequent interrogato-

ries seeking to elicit the same information should be denied as burdensome, vexatious, oppressive and totally without justification." *Id.* That litigants may engage in successive forms of discovery "is not a license to engage in 'repetitious, redundant and tautological inquiries.'" *Richlin,* 88 F.R.D. at 640.

Although it has been held that Rule 33 provides that the deposition procedure and procedure upon written interrogatories may be successfully employed in a proper case to require an adverse party to disgorge all relevant facts within his knowledge, the devices of using the two procedures successively should be carefully scrutinized by the Court. Such use of the two procedures may too easily become an instrument for oppression. When a party has submitted to the taking of his deposition at the request of his opponent and thereafter he is served with written interrogatories by the same opponent, to the extent that the interrogatories make inquiry into the same particulars covered in the prior deposition, the use of interrogatories is an abuse of discovery procedure and is oppressive within the meaning of Rule 30(d).

*DiSantis v. Smith of Philadelphia,* No. Civ.A. 87–0515, 1987 WL 28357, at \*2 (E.D.Pa. Dec. 18, 1987) (citation omitted).

■ Defendants must make a showing "sufficiently particularized to advise the Court to what extent the interrogatories propounded to [them] are a duplication of matters previously covered in the taking of [their] deposition[s]." *Id.* at \*3. To support an objection based on duplication one must demonstrate that the deponent(s) completely answered the interrogatories.

■ Interrogatories 11, 12, 13, 15, and 16 propounded upon SPS inquire about meetings between certain personnel of SPS and others, regarding plaintiff and/or the health care industry. They each inquire about the date, location, persons attending, and subject matter or purpose of such meetings. Interrogatory 28 propounded upon SPS inquires about all telephone calls between plaintiff and SPS. In response to these interrogatories SPS directed plaintiff to deposition testimony and documents previously produced.

It contends that it possesses no internal documents memorializing any meetings or conversations. It further contends that it knows of no meetings or conversations other than those "testified about" upon deposition. It suggests that the only means of obtaining responsive information would be to review deposition transcripts. It contends that answering the interrogatories would provide plaintiff with no information not already in its possession.

The court accepts the contentions of SPS as true. Such contentions support objections raised in response to the interrogatories. SPS has adequately shown that the interrogatories duplicate matters previously covered in depositions of its personnel. The court thus sustains such objections. SPS need not further answer Interrogatories 11, 12, 13, 15, 16, and 28. A supplemental response is unnecessary to properly verify contentions which support properly raised objections.

Interrogatories 5, 6, 18, 19, and 20 propounded upon Discover are very similar to the above interrogatories propounded upon SPS. Discover likewise refers to previous deposition testimony in response to the interrogatories propounded upon it. For the reasons given with respect to the interrogatories propounded upon SPS, the court sustains the objection that Interrogatories 5, 6, 18, 19, and 20 are unreasonably duplicative of previous deposition testimony. Discover need not further answer such interrogatories. For reasons previously stated, furthermore, it need not serve a supplemental response.

■ SPS also suggests that plaintiff has by deposition obtained information responsive to Request for Production 34. Parties may obtain discovery from a variety of sources. That a party has obtained information upon deposition generally does not trump a duty to produce documents. A document may carry more weight or information than the testimony. SPS has not demonstrated duplication or cumulativeness of the requested discovery.

*Requests For Production*

Plaintiff contends that SPS has asserted no substantive objections to the requests for

production, but instead has indicated that it would provide responsive documents by November 28, 1995. SPS says that it has produced responsive documents to Requests 4 and 17. It further contends that it has produced all documents in its possession which are responsive to Request 35. It explains its apparent lack of production with regards to Request 33. It stands by its response to Request 36. It reasserts certain "General Objections" and raises new objections to Request 34.

■ Due to lack of reply by plaintiff, the court accepts the assertions by SPS that it has produced documents responsive to Requests 4, 17, and 35. SPS does not say, however, that it has produced *all* documents responsive to Requests 4 and 17. It simply states that it has produced responsive documents. Such response is insufficient. SPS shall produce *all* documents responsive to Requests 4 and 17. If it has already done so, it shall serve a supplemental response affirmatively stating that it has produced all the requested documents.

■ The response to Request 35 is also deficient. SPS states that it has produced all responsive documents in its possession. It must, however, produce all responsive documents in its *possession, custody, or control.* See Fed.R.Civ.P. 34(a). Parties may retain the requisite control or custody of documents outside their actual possession. SPS shall produce all responsive documents in its possession, custody, or control. If it has already done so, then it shall affirmatively state so in a supplemental response.

■ Request 33 seeks calendars for 1991 through 1994 for Robert Wiesneneck, Robert Archer, Susan Singleton, David Peterson, and Steve Hucal. SPS has not objected. It has stated that it would produce all such documents. In response to the motion, however, SPS explains that it no longer employs Ms. Singleton or Mr. Hucal and thus SPS has no access to their calendars. It also explains that Mr. Peterson joined SPS in 1994, but retained no calendar for that year. It further explains that Mr. Archer has retained no responsive calendars. It claims to have produced the calendar of Mr. Wiesne-

neck. The court will not compel production of documents outside the possession, custody, and control of defendant. SPS shall, however, serve a supplemental response to the request to amend its previous response.

■ Request 36 seeks "[a]ll information which has been submitted by SPS to the Court for 'in camera' inspection." SPS responded

> that it has already produced, or will be producing, such documents in accordance with the court's August 31, 1995 order and that to the extent the court has not ordered such documents produced, SPS objects to producing them in response to this request to the extent those documents are protected from disclosure by attorney-client privilege and/or the work product doctrine. All such documents protected are listed on SPS's privilege log which previously has been provided to PulseCard and will be listed on an amended privilege log which SPS is preparing.

In response to the motion SPS contends that it "has produced all documents submitted for in camera inspection ... other than those which are listed on [its] amended privilege log which are protected from disclosure by the attorney-client [sic] or work product doctrine." The court finds the response adequate.

Request 34 seeks "[a]ll phone records, phone logs, calendars, diaries and/or any other type of document showing the date of any meetings and/or conversations between PulseCard and SPS." SPS responded that it "has no objection to this request, and all such documents will be produced." In response to the motion, however, it objects to the request on grounds that production would be unduly burdensome and would not lead to the discovery of relevant evidence. It also contends that plaintiff has extensively questioned relevant personnel of SPS upon deposition about meetings and conversations between the parties.

The objections of undue burden and irrelevancy are reassertions of "General Objections" asserted against the entire set of requests for production. The court has found

the objections untimely. It will not further consider them.

■ SPS also suggests that plaintiff has obtained information responsive to the request for production through deposition testimony. SPS has not shown Request 34 to be unreasonably cumulative or duplicative of previous depositions. Nor did it timely object. It has waived whatever objections it may have had. It shall produce all documents responsive to Request 34.

*Interrogatories Propounded Upon SPS*

■ Interrogatory 6 asks SPS to identify and describe in detail "all information relayed by [plaintiff] to SPS which SPS considers non-confidential." Interrogatory 7 asks it to identify the public domain source of each piece of information identified in Interrogatory 6. SPS objects that these interrogatories subject it to undue burden and seek irrelevant information. It also objects that plaintiff has not provided adequate discovery to answer.

■ The latter objection is without merit. A party may not withhold discovery solely because it has not obtained to its satisfaction other discovery. *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 538 (D.Kan.1989). "To do so causes unnecessary delay." *Audiotext Communications Network, Inc. v. US Telecom, Inc.*, No. Civ.A. 94–2395–GTV, 1995 WL 625953, *1 (D.Kan. Oct. 5, 1995). Parties have "a duty to answer" interrogatories "with whatever information" they have. *Bohannon*, 127 F.R.D. at 538. The court thus overrules the objection that plaintiff has provided insufficient discovery to answer the interrogatories.

The court, however, sustains the objections of undue burden. The interrogatories indeed appear unduly burdensome. Identifying all information relayed by plaintiff to SPS which SPS considers non-confidential appears well beyond the permissible scope of discovery. Identifying the public domain source of all such information likewise appears outside the bounds of permissible discovery. The interrogatories would require SPS to evaluate every correspondence, phone call, or other communication between it and plaintiff to determine whether it views the subject matter of such communication to be confidential or not. The court sustains the objection of undue burden raised by SPS against Interrogatories 6 and 7. It need not consider the objections of irrelevancy.

■ Plaintiff suggests that SPS has raised no substantive objections to Interrogatories 9 through 13, 15, 16, 27, and 28. It asks the court to compel full answers or compliance with Fed.R.Civ.P. 33(d).

Interrogatories 9 and 10 ask SPS to itemize all payments made to SPS from plaintiff, Commercial National Bank, or UMB Bank. SPS answers that it "believes that documents from which this information can be obtained have already produced to [plaintiff]." In response to the motion it claims to have produced invoices and correspondence from which plaintiff can find information responsive to Interrogatory 9, "[i]ncluded among these documents are...." It claims information responsive to Interrogatory 10 can be obtained from previously produced client profitability reports and from documents produced by UMB Bank.

Interrogatory 27 seeks to "[i]dentify service calls received at the SPS 'help desk.'" In response SPS directs plaintiff to previously produced documents. It does not address the interrogatory in its response to the motion.

SPS has not adequately answered Interrogatories 9, 10, and 27. Although a party may elect to produce its business records to answer an interrogatory, it must affirmatively do so in accordance with Fed.R.Civ.P. 33(b) and (d) and D.Kan.Rule 33.2. SPS has made no such election. It has not specifically designated what records answer the interrogatories. Documents produced by a nonparty, moreover, do not appear to qualify as business records of SPS. SPS shall fully answer Interrogatories 9, 10, and 27. If it desires to rely upon Fed.R.Civ.P. 33(d), it shall satisfy the requirements of that rule.

The court has already sustained objections that Interrogatories 11, 12, 13, 15, 16, and 28 are unreasonably duplicative of previous deposition testimony. SPS need not provide further answer.

■ Interrogatory 17 asks SPS to "[i]dentify anyone who informed SPS of Household Retail Services, Inc.'s decision to withdraw funding for United Surgical Funding and Systems [(USF & S)] and HCG, including:" (a) date of notice, (b) name of client, and (c) all persons having personal knowledge of same. SPS responded:

> SPS has no objection to this interrogatory other than the General Objections. Without waiving its objections, SPS responds that representatives of both [USF & S] and Care Charge each independently informed SPS in 1991 that their respective companies were terminating their relationships with Household Retail Services, Inc. and that Household Retail Services, Inc. was limiting its funding of credit card financing for health care clients, including USF & S and Care Charge. This was told to SPS by USF & S and Care Charge in 1991 and was generally known within the credit card financing industry.

Plaintiff asserts that Interrogatory 17 requires specific identification of involved individuals. It claims that SPS has not answered subparts (b) or (c). In response to the motion, however, SPS asserts that it cannot answer Interrogatory 17 with the specificity desired by plaintiff. It contends that due to the general nature of the information, its employees have no specific knowledge of the exact date they received the information nor the specific individual(s) involved. The court accepts the contention as true. The latter contention in conjunction with the answer of SPS appears adequate. Its sworn answer, however, must state that it lacks specific knowledge to answer the interrogatory with the requested specificity. It shall supplement its initial answer under oath without objection.

■ Interrogatory 20 asks SPS to "[i]dentify bonuses received" by certain individuals. SPS objects on grounds of relevancy. It contends that it based the bonuses on a myriad of factors not relevant to the issues of this lawsuit. Plaintiff suggests that the information is relevant "in regard to the significance of SPS penetrating the health care industry." It contends that a proxy statement to shareholders of SPS in 1994 indicates that the significant reason for bonuses in 1994 was the success of SPS in developing a comprehensive health care strategy. (See 1994 SPS Proxy Statement, attached as Ex. E to Pl.'s Mem. In Supp. of Mot. To Compel, doc. 362.)

■ "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). A party does not have to prove a *prima facie* case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence. When the discovery sought appears relevant,

> [t]he party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R.Civ.P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Aramburu v. Boeing Co.*, No. 93–4064–SAC, 1994 WL 810246, at *1 (D.Kan. Sept. 22, 1994). "When 'relevancy is not apparent, [however,] it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" *Evello Invs. N.V. v. Printed Media Servs.*, No. CIV.A. 94–2254–EEO, 1995 WL 135613, at *5 (D.Kan. Mar. 28, 1995) (quoting *Universal Money Ctrs. v. American Tel. & Tel. Co.*, No. 90–2201–O, unpublished op. at 3 (D.Kan. July 15, 1991)). "A request for discovery ... should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden v. Connaught Lab.*, 137 F.R.D. 336, 341 (D.Kan.1991).

■ "To determine whether discovery is relevant, the court examines the issues raised in the case." *Caldwell v. Life Ins. Co. of N. Am.*, 165 F.R.D. 633, 638 (D.Kan.1996). Although relevancy is not limited by the matters stated in the pleadings, they do provide

a basis from which to judge relevancy. "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1977) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947)).

The court sees no relevance to identification of bonuses of personnel of SPS. The Proxy Statement itself states that "[t]he actual bonuses paid ... depend upon (i) the Company's financial performance compared to expected performance ... (ii) the achievement of specified performance priorities ... and (iii) a discretionary review of the executive officer's annual performance." It further states that bonuses paid in 1994 reflect "the excellent overall performance of the Company and the accomplishment of its key performance priorities." It explains that the key performance priorities for 1994 "included achievement of the Company's targeted return on assets, the development of a comprehensive plan for profitable participation in the health care industry and the development of internal and external growth initiatives for the Company." Identification of bonuses will show little if anything about the significance of SPS penetrating the health care industry. Too many factors enter into the calculation of the bonuses. The court sustains the objection of irrelevancy raised against Interrogatory 20.

Interrogatories 21 and 23 seek information about non-party USF & S. SPS contends that the information is in the direct control of USF & S. It suggests that plaintiff obtain the information from USF & S. That responsive information is within the control of a non-party is immaterial. "Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1)." Fed.R.Civ.P. 33(c). Rule 26(b)(1) contains no provision that information within the control of a non-party is outside the scope of discovery propounded upon a party. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R.Civ.P. 26(b)(1). Parties must answer interrogatories with whatever information they

have. SPS shall answer Interrogatories 21 and 23 to the extent it has responsive information. It need not obtain responsive information, however, from entities outside its control to answer the interrogatories.

Interrogatory 22 asks SPS to "[i]dentify the number of active MedCash Health Systems, L.P. health care provider outlets" on certain dates. Interrogatory 24 asks for identification of "all health care professional associations exclusively endorsing MedCash Health Systems, L.P." on certain dates. SPS objects that these interrogatories are vague and ambiguous in that they do not define "active" or "health care professional associations." The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity. SPS has not carried that burden. Neither "active" nor "health care professional associations" appear vague or ambiguous. Respondents should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. To clarify their answers, respondents may include any necessary, reasonable definition of such terms or phrases. SPS shall fully answer Interrogatories 22 and 24. It has stated no valid objection to them.

SPS contends that it has answered Interrogatory 25 in its supplemental response. The supplemental answer appears sufficient. SPS need not provide further answer.

Interrogatory 29 seeks identification of each document that SPS claims should be covered by the protective order entered on September 15, 1995. It further seeks the basis of the claim of trade secret or other confidential status. It also seeks a description of the harm which would result from disclosure of such documents. SPS responded: "All such documents have been designated as being subject to the September 15, 1995 Protective Order Governing Proprietary Documents and the March 23, 1995 Stipulation of Confidentiality and Protective Order, and have been produced to Pulsecard." In response to the motion it reasserts its "General Objection" that the interrogatory is overly broad. The court sustains the objection. SPS need not respond further to Interrogatory 29.

*Interrogatories Propounded Upon Discover*

Discover contends that it lacks sufficient information to answer Interrogatories 3, 4, and 14. The court accepts this contention. The sworn supplemental answers of Discover, furthermore, reflect such lack of sufficient information. Discover need not further answer these interrogatories.

 Discover says that it has given full and complete answers to Interrogatories 23 and 26. The court finds the answer to Interrogatory 23, however, not full and complete. It asks Discover to "[i]dentify all Discover Card health care merchants from 1992 through the current date, including: Merchant name, Discover Card account number(s) and chain number(s), if applicable." The supplemental answer refers plaintiff to a list of health care merchants generated by a special software program created by Discover. The list includes numbers, names, and addresses for over 50,000 merchants. Discover admits in its supplemental answer that the list does not contain the chain number for each merchant. Thus by its own supplemental answer, Discover shows that it has not fully answered the interrogatory. The supplemental answer, furthermore, fails to comply with the requirements of Fed.R.Civ.P. 33(d).

In response to the motion Discover relies upon no objection to Interrogatory 23. Discover simply claims that "creation of the list took many man-hours and was very burdensome." It provides no affidavit or other evidence of undue burden. Bare assertions of undue burden do not suffice. Discover shall answer Interrogatory 23. If it seeks to rely upon Fed.R.Civ.P. 33(d), it shall satisfy the requirements of that rule.

The court has already sustained objections that Interrogatories 5, 6, 18, 19, and 20 are unreasonably duplicative of previous deposition testimony. Discover need not provide further answer.

*Sanctions*

 Disposition of motions to compel necessitates consideration of sanctions. The court has sustained in part and overruled in part the first motions to compel of plaintiff. With respect to the imposition of costs and expenses incurred upon these motions, Fed. R.Civ.P. 37(a)(4)(C) provides that "the court may ... apportion reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." In this instance justice requires that each party be responsible for its own costs and expenses incurred upon the first motions to compel. The parties took legitimate positions on the motions.

The court overruled as untimely the second motions to compel. Overruling a motion to compel invites consideration of sanctions under Fed.R.Civ.P. 37(a)(4)(B). The Rule provides in pertinent part:

> If the motion is denied, the court ... shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

In accordance with this rule, plaintiff and its attorneys shall, within twenty days of the date of this order, show cause why the court should not order one or more of them to reimburse defendants for their reasonable expenses incurred in opposing the second motions to compel. The motions were clearly out of time. Within ten days of the date of this order, defendants shall submit an affidavit of time and expenses incurred on their respective oppositions.

For the foregoing reasons, the court sustains in part and overrules in part Plaintiff Pulsecard, Inc.'s Motion To Compel Discovery Responses From Defendant SPS Payment Systems, Inc. (doc. 361) and Plaintiff Pulsecard, Inc.'s Motion To Compel Discovery Responses From Defendant Discover Card Services, Inc. (doc. 363). It overrules as untimely Plaintiff Pulsecard, Inc.'s Motion To Compel Discovery Responses From Defendant Discover Card (doc. 413) and Plaintiff Pulsecard, Inc.'s Motion To Compel Discovery Responses From Defendant SPS Payment Systems, Inc. (doc. 415). By July 22, 1996 defendant SPS shall fully answer

Interrogatories 9, 10, 17, 21, 22, 23, 24, and 27 as directed herein. By that same date, it shall produce for inspection and copying all documents responsive to Requests 4, 17, 34, 35, and 36 as directed herein. Such production shall take place at offices of counsel for plaintiff located at 1050/40 Corporate Woods, 9401 Indian Creek Parkway, Overland Park, Kansas, or at any other location agreed upon by the parties. By July 22, 1996 defendant Discover shall fully answer Interrogatory 23 as directed herein. Each party shall be responsible for its own costs upon the first motions to compel. The issue of sanctions with respect to the second motions to compel remains pending until the parties and counsel have had opportunity to be heard in accordance with Fed.R.Civ.P. 37(a)(4)(B).

IT IS SO ORDERED.