**In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.**

**MDL No. 1038.**

United States District Court, E.D. Texas, Beaumont Division.

Jan. 24, 1997.

Chris Parks of Parker and Parks, Port Arthur, TX, Roger Brosnahan of Brosnahan, Joseph & Suggs, Minneapolis, MN, Turner Branch, Branch Law Firm, Alberquerque, NM, for Plaintiff.

John W. Vardaman, F. Lane Heard III, Steve Farina of Willams & Connolly, Washington, DC, Paul W. Gertz, Larry Germer, Tonya Connell Adams of Germer & Gertz, Beaumont, TX, for Defendant.

### ORDER DENYING DEFENDANTS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES

SCHELL, Chief Judge.

This matter is before the court on Defendants' Motion to Compel Answers to Interrogatories filed December 19, 1996. Plaintiffs filed a response on January 2, 1997. Defendants filed a reply on January 7, 1997. Because Plaintiffs incorporated the depositions of the five bellwether trial plaintiffs and their experts, as well as their experts' reports into their answers to Interrogatory Nos. 26, 28, and 33–34, the court requested that Plaintiffs supplement their response

with the relevant deposition excerpts. Plaintiffs filed a supplemental response on January 17, 1997. Upon consideration of the motion, supporting memorandum, response, reply, supplemental response, and applicable law, the court is of the opinion that Defendants' Motion to Compel Answers to Interrogatories should be DENIED.

According to Defendants, "Defendants' Interrogatory Nos. 26, 28–34 sought a clear statement of plaintiffs' contentions *for each of the five bellwether trial plaintiffs.*" Defs.' Mem. in Supp. of Mot. to Compel Answers to Interrogs. at 1 (emphasis in original). In order to obtain a clear statement of each plaintiff's contentions, Defendants bring this motion to compel further supplemental answers to Interrogatory Nos. 26, 28, 30, and 33–34. Plaintiffs counter that their "original interrogatory answers, their supplemental and further supplemental answers and the additional discovery which has taken place since the original answers were served (and which were incorporated by reference in the supplemental answers) provide more than sufficiently detailed information responsive to the interrogatories...." Pls.' Mem. in Opp'n to Defs.' Mot. to Compel at 2.

## DISCUSSION

By incorporating other forms of discovery into their answers to interrogatories, Plaintiffs impliedly indicate that further supplemental answers would result in duplicative discovery. "When complete answers are contained in prior depositions, ... then a motion to compel answers to subsequent interrogatories seeking to elicit the same information should be denied as burdensome, vexatious, oppressive and totally without justification." *Pulsecard, Inc., v. Discover Card Services, Inc.,* 168 F.R.D. 295, 305–06 (D.Kan.1996) (quoting *Sendi v. Prudential–Bache Securities,* 100 F.R.D. 21, 23 (D.D.C. 1983)). According to the *Pulsecard* Court,

Although it has been held that Rule 33 provides that the deposition procedure and procedure upon written interrogatories may be successfully employed in a proper case to require an adverse party to disgorge all relevant facts within his knowledge, the devices of using the two procedures successively should be carefully scrutinized by the Court.

*Pulsecard,* 168 F.R.D. at 306. In this instance, Plaintiffs must make a showing "sufficiently particularized to advise the Court to what extent the interrogatories propounded to [them] are a duplication of matters previously covered in the taking of [their] deposition[s]. To support an objection based on duplication one must demonstrate that the deponent(s) completely answered the interrogatories." *Id.* (citation omitted). The following is the court's assessment of the sufficiency of Plaintiffs' answers on an interrogatory by interrogatory basis.

I. INTERROGATORY NO. 26

■ With respect to your allegations against Defendants, state with particularity each and every way in which you contend that Defendants are liable in this matter, state with particularity the facts upon which you rely in making each of those allegations, the names and addresses of all persons with relevant knowledge of these facts, and the identity and location of any documents upon which you rely in making these allegations.

Defendants contend that Plaintiffs' answers "give no clue as to the facts upon which plaintiffs rely to support claims [under the Texas Deceptive Trade Practices Act] for passing off, product disparagement, etc." Defs.' Reply in Supp. of Mot. to Compel at 2. In Plaintiffs' Further Supplemental Answers to Interrogatory Nos. 26, 28–34 (attached to Defs.' Mem. in Supp. of Mot. to Compel at Tab 6), all of the plaintiffs contend that Defendants are liable for violations of the Texas Deceptive Trade Practices and Consumer Protection Act under §§ 17.46(b)(2), (3), (5), (7), (8), & (23) and 17.50(a)(1)–(3). *See* TEX. BUS. & COM.CODE §§ 17.46 & 17.50. Plaintiffs allege that Interrogatory No. 26 has been fully answered by their original answer and supplemental answers which incorporate the plaintiffs' deposition testimony, the plaintiffs' experts' reports, and experts' depositions. Pls.' Mem. in Opp'n to Defs.' Mot. to Compel at 4. Plaintiffs are no longer alleging "passing off," but still allege "disparagement."

Because Plaintiffs' specifically enumerated the sections of the DTPA allegedly violated by Defendants and after a reading of the original answer, supplemental answers, depositions, and expert reports, the court is of the opinion that compelling further answer would only result in duplicative discovery. Because Plaintiffs have provided a complete answer, the court DENIES Defendants' motion to compel as to Interrogatory No. 26.

## II. INTERROGATORY NO. 28

■ With regard to any allegation by you that Defendants failed to warn you of any issue relating to Norplant, state with particularity what information you contend Defendants should have provided to you.

Defendants contend that Plaintiffs' answers to this interrogatory are generic and incomplete. Defs.' Mem. in Supp. of Mot. to Compel at 5. Defendants want particularized answers for each plaintiff including each plaintiff's contention as to what the Norplant labeling should have said. Id. at 6. Plaintiffs counter that they are not obligated to rewrite the Norplant labeling but are only required to show that Defendants failed to adequately warn of foreseeable risks and hazards of a product and that Defendants' failure to do so was a proximate cause of plaintiff's injury. Pls.' Mem. in Opp'n to Defs.' Mot. to Compel at 6 & n. 5. After reading the relevant deposition excerpts, the court agrees with Plaintiffs' contention that they have provided complete answers to this interrogatory. Each plaintiff provided deposition testimony indicating the general basis of her failure to warn claim.[1] This deposition testimony coupled with Plaintiffs' experts' depositions provides a complete answer to Interrogatory No. 28. Because Plaintiffs have provided a complete answer, the court DENIES Defendants' motion to compel as to Interrogatory No. 28.

## III. INTERROGATORY NO. 30

With regard to any allegation by you that defendants were negligent in the marketing, manufacture, design, distribution and/or sale of Norplant and/or component parts thereof, state with particularity any and all grounds upon which you base this allegation, the facts upon which you rely in making this allegation, and the names and addresses of all persons with relevant knowledge of those facts, as well as the identity and location of any documents upon which you rely in making this allegation.

Plaintiffs have stated that they are not pursuing a claim of negligent manufacturing, but all plaintiffs are pursuing negligent design and testing. See Defs.' Mem. in Supp. of Mot. to Compel at Tabs 4 & 6 (attaching Plaintiffs' Supplemental Answers and Further Supplemental Answers). Because Plaintiffs have provided a complete answer, the court DENIES Defendants' motion to compel as to Interrogatory No. 30.

## IV. INTERROGATORY NO. 33

■ With regard to any allegation by you of misrepresentation, state with particularity any and all misrepresentations by defendants, the facts upon which you rely in alleging that misrepresentation took place, and the names and addresses of all persons with relevant knowledge of those facts, as well as the identity and location of any documents upon which you rely in making this allegation.

## INTERROGATORY NO. 34

With regard to any allegation by you of fraud, state with particularity any and all instances of fraud by defendants, the facts upon which you rely in alleging that defendants committed fraud, and the names and addresses of all persons with relevant knowledge of those facts, as well as the identity and location of any documents upon which you rely in making this allegation.

Plaintiffs argue that their previous answers, experts' reports, and deposition testimony (of both their experts and plaintiffs) more than adequately answer these interrogatories. Pls.' Mem. in Opp'n to Defs.' Mot. to Compel at 9. Defendants contend

---

1. The plaintiffs' deposition excerpts focus on what information each plaintiff received—e.g. booklets, videos, doctor-patient conversations, etc.

that Plaintiffs answer is insufficient because Interrogatory Nos. 33 & 34 require each plaintiff to point out the affirmative misstatements, not omissions, that each plaintiff contends were misleading or fraudulent. Defs.' Reply at 4. According to Defendants, matching up depositions with experts' reports leaves too much guesswork. Defendants claim, therefore, "[i]t is ... largely a matter of conjecture precisely which statement(s) counsel and the experts fault and a matter for further conjecture which such statements each of the five plaintiffs actually read and relied upon." *Id.* By requiring Plaintiffs to supplement their response to this motion to compel with relevant deposition excerpts of both the plaintiffs and the experts, the court has eliminated a great deal of the guesswork for Defendants.[2] In light of Plaintiffs' supplemental response, the court DENIES Defendants' motion to compel as to Interrogatory Nos. 33 & 34.

## CONCLUSION

Based on the above stated reasons, the court hereby ORDERS that Defendants' Motion to Compel Answers to Interrogatory Nos. 26, 28, 30, & 33–34 be DENIED.

---

**2.** Although each plaintiff's deposition was particular as to the type of information received, none of the experts' depositions or reports were plaintiff-specific.